## CARPENTER v. FORD.
### No. 6371.

Court of Civil Appeals of Texas. Texarkana.
June 10, 1948.

Rehearing Denied June 24, 1948.

Jones, Jones & Brian, of Marshall, for appellant.

Ernest F. Smith and Sam B. Hall, both of Marshall, and Curtis White, of Dallas, for appellee.

HALL, Chief Justice.

Appellant was plaintiff and appellee defendant below and they will be so designated here. Plaintiff instituted this suit against defendant for damages to his eye and face, caused by an alleged faulty bushing and plug installed in one of the openings in a butane tank which blew out while plaintiff was inspecting it. Upon a verdict of the jury the trial court entered judgment for defendant.

Plaintiff asserts by his Point No. 2 that "the trial court erred in refusing to grant a new trial because of injection of accident insurance into the case by counsel for appellee." Point No. 3 is closely related to the above point and is directed to the action of the jury in mentioning accident insurance during their deliberations.

Plaintiff is a qualified tank and boiler inspector and was employed by defendant in this capacity from 1945 until his injury in March, 1947. During this time he inspected about eight hundred butane and propane gas tanks manufactured by defendant. The tanks contain several outlets which are closed with temporary plugs after which water pressure of about 200 pounds to the square inch is applied through one of the openings while it is being inspected for defects. The inspection consists of tapping around each plug opening while the tank is under pressure. On the occasion of plaintiff's injury, the tank which he was to inspect had temporary fittings already installed and water pressure built up to around 80 pounds when he arrived to make the inspection. The opening which caused plaintiff's injury was closed with a cast iron bushing and nipple instead of the regulation brass or steel plug. The testimony for plaintiff is that the cast iron bushing and nipple were covered with grease, dirt and pipe dope to such an extent that their identity was obscured. While plaintiff was tapping around one of the openings closed with a cast iron bushing and nipple, parts of the bushing and nipple blew out striking him in the eye and face causing the injuries complained of.

During the cross examination of plaintiff by defendant's counsel plaintiff was asked this question: "You carry an accident insurance policy?" Counsel for plaintiff immediately objected and requested that the jury be withdrawn. The court sustained the objection, retired the jury and asked plaintiff's counsel if he wanted the jury discharged, to which counsel replied, "I don't think plaintiff has to ask for a mistrial; not asking for it. I think a man familiar with that takes the consequences of it." The record shows that sometime in the late spring of 1947, some months before the trial in the court below, defendant took the oral deposition of plaintiff, at which time defendant's counsel developed fully the facts concerning an accident insurance policy carried by plaintiff as well

as the payments made to plaintiff thereunder as compensation for the injury sustained by him as a result of the explosion. Counsel for defendant was present when the deposition was taken and knew the facts concerning the accident policy carried by plaintiff. Defendant's counsel quite frankly stated to the trial court: "Our position is it is admissible. I asked it in good faith. I think it is proper to show the insurance he had and if his damages diminished the jury will bear that in mind in determining the matter." Certainly the fact that the plaintiff was insured or not is immaterial to the controversy here. It could not affect plaintiff's right of recovery or defendant's defense to this asserted cause of action. The question was not answered, but its very form indicated that counsel knew that plaintiff did carry accident insurance. It was more a declaration of a fact than an inquiry. It is aptly said in Myers v. Thomas, 143 Tex. 502, 186 S.W.2d 811, 813:

"In determining whether the action of the trial court in the present case in admitting the testimony objected to by the state was prejudicial, we are persuaded by the fact that any testimony which is immaterial, and tends to becloud the issues and confuse and mislead the jury, is prejudicial in its effect. Such was the holding in Barrington et al. v. Duncan, 140 Tex. 510, 169 S.W.2d 462, and Rojas v. Vuocolo, 142 Tex. 152, 177 S.W.2d 962. It is ordinarily error for plaintiff to mention the fact in the presence of the jury that the defendant is insured against the liability which he is seeking to establish, or that he has no protecting insurance. *For the same reason it is error to refer to the fact that the plaintiff is protected by some form of insurance. It is improper in either case because such fact is irrelevant and immaterial, and is calculated to work injury. Rojas et al. v. Vuocolo, and cases there cited.*" (Italics ours).

Again in Chapman v. Evans, Tex.Civ. App., 186 S.W.2d 827, 830, it is said:

"In most of the cases coming to our attention, the matter of insurance has arisen by plaintiff's counsel dropping suggestions by questions asked, that defendant is protected by liability or indemnity insurance, and thereby get the idea over to the jury that defendant will not have to pay such judgment as may be rendered, but that an insurance company will pay. Whether a litigant believes a jury will more readily find against an insurance company than an individual is immaterial. The fact remains that even though a party is insured against injury, does not affect his right to recover, if he is otherwise entitled to do so. One's contract of insurance does not inure to the benefit of another who is liable for damages to the insured, nor may such insurance be considered in mitigation in an action for damages. (Citing cases.)

\*        \*        \*        \*        \*

"As pointed out above, defendant's counsel raised the question of plaintiff, J. A. Jeffrey, being protected by insurance. Evidently he thought that such fact would relieve him of liability or in some other way help him in the eyes of the jury; it should do neither. There is nothing in the record to indicate the provisions of any health and accident insurance policy that Louise Jeffrey may have carried, and even though it had provided that such insurance company would pay doctor and hospital bills, defendant was a stranger to such contracts and they would not inure to his benefit."

Defendant asserts that plaintiff's refusal to request the trial court to discharge the jury cured the error if any of injecting the insurance feature into the case by his counsel. We do not agree with this contention. Discharging the jury and continuing the case would work injury upon the plaintiff while such action would inure to the benefit of defendant. Time usually works on the side of a defendant. In the situation here, plaintiff has done no wrong and had the legal right to take his exception and prosecute his case to a finish.

Defendant also asserts that plaintiff's point does not present error for the reason the evidence discloses without dispute that on the occasion of his injury plaintiff was guilty of contributory negligence as a matter of law. We have carefully studied this record and are unable to agree with this contention. We think the evidence for plaintiff on the issue of contributory negli-

gence is sufficient to present an issue of fact to be determined by the trier of the facts.

The conclusions expressed above render a discussion of the other points advanced unnecessary.

The judgment of the trial court is reversed and the cause remanded.