### EDEN et al. v. FELLER et ux.

No. 2891.

Court of Civil Appeals of Texas. Waco.
April 13, 1950.

Vinson, Elkins, Weems & Francis, Houston, Thomas B. Weatherly, Houston, Grace & Palmos, Hearne, for appellants.

Rex Poston, Houston, Frank A. Woods, Franklin, for appellees.

HALE, Justice.

This appeal grows out of a venue proceeding. Appellees, Marvin Feller and wife, sued C. L. Eden, Leonidas Eden, Mrs. Charlie Eden, Curtis Eden and James Tolliver in the District Court of Robertson County for damages on account of injuries to their automobile and to the person of Mrs. Feller. The claimed damages resulted from a collision which occurred in Robertson County on August 7, 1948, between appellees' automobile and a truck. Appellees alleged that C. L. Leonidas and Curtis Eden were children of Charlie Eden and wife; that Charlie, C. L. and Leonidas Eden were partners in a certain business enterprise at and prior to the time of the collision; that Charlie Eden thereafter died in October of 1948, leaving his widow and the three children above named as his surviving heirs, devisees and legatees; that no administration was taken out on the estate of Charlie Eden, deceased, and that his surviving widow and three children had received their respective shares of the decedent's estate. They further alleged that Tolliver was an employee of the three partners at the time of the collision and as such he was driving a truck belonging to them in a negligent manner as therein set forth and that his negligence was the proximate cause of the collision and resulting damages.

In due time all of the defendants, other than Leonidas Eden, filed their pleas of privilege in proper form, asserting their right to be sued in Brazos County where they reside. (It is suggested in the briefs that Leonidas Eden was not served with citation.) Appellees seasonably filed their controverting affidavit, making their petition a part thereof and averring therein that venue to try their suit was properly laid in Robertson County under exceptions 9 and 29a of Art. 1995, Vernon's Tex.Civ Stats., because their suit was based upon a trespass committed by Tolliver in that county. At the demand of appellees the venue issues thus raised by the pleadings were tried before a jury. Upon the conclusion of the evidence defendants moved the court to instruct the jury to return a verdict in their favor. This motion was overruled and after the jury had returned its verdict on special issues the court rendered judgment overruling each of the pleas of privilege. All of the defendants, other than Leonidas Eden, have appealed.

Under several separate points in their brief appellants say the court below erred in overruling their motion for an instructed verdict and in overruling each plea of privilege. They contend on various specific grounds, as they did in the trial court, that the evidence introduced upon the hearing was insufficient as a matter of law to make out a prima facie case against them which comes within exception 9 or 29a of the venue statute.

In order to sustain venue of this suit in Robertson County as against C. L. Eden, Mrs. Charlie Eden and Curtis Eden in their representative capacity it was necessary for appellees to prove by competent

**410**

evidence introduced at the hearing that Tolliver committed a trespass in that county and that the other appellants were responsible for the damages incident to the commission of such trespass as alleged. Waco Cotton Oil Mill of Waco v. Walker (this court), 103 S.W.2d 1071 and authorities; Brown Express, Inc. v. Arnold et ux., 138 Tex. 70, 157 S.W.2d 138; City of Mineral Wells v. McDonald, 141 Tex. 113, 170 S.W.2d 466; Lyle v. Waddle, 144 Tex. 90, 188 S.W.2d 770.

■ Assuming without deciding that the evidence was sufficient to show that Tolliver was driving the truck which collided with the automobile of appellees, we think the evidence was wholly insufficient to show that the heirs or legal representatives of the estate of Charlie Eden were responsible for the damages to the automobile of appellees, even though such damages were a part of the trespass committed in Robertson County. We find no evidence to the effect that Charlie, C. L. and Leonidas Eden were partners at or prior to the time of the collision, or that Tolliver was an employee of the three alleged partners, or that Charlie Eden is dead, or that any of his heirs, devisees or legatees, whoever they may be, has received anything whatsoever from the estate of Charlie Eden, deceased. We do not find the name of Mrs. Charlie Eden, Leonidas Eden or Curtis Eden anywhere in the statement of facts, and we find no reference to either of them in the evidence or in any of the findings of the jury. Therefore, we hold that the evidence was legally insufficient to sustain the action of the trial court in overruling the pleas of privilege of Mrs. Charlie Eden, Curtis Eden and C. L. Eden in so far as they are being sued herein as the surviving heirs, devisees and legatees of the estate of Charlie Eden, deceased.

■ Under point nine in their brief, appellants say the trial court erred in refusing to grant their motion for a mistrial on account of the improper conduct of appellees' witness, Hearne, in voluntarily injecting into the case the subject of insurance to the prejudice of appellants. We sustain this point of error. The record discloses that appellees tendered Hearne, a wrecker driver, as a witness who on direct examination testified in the presence of the jury that he "towed the car and put it in storage until the insurance man came." When asked on cross-examination what happened to the Feller car the witness stated: "It stayed there a couple of months until the insurance people came and got it." These voluntary statements were highly improper and we cannot say from the entire record before us that appellants were not prejudiced thereby. Myers v. Thomas, 143 Tex. 502, 186 S.W.2d 811; Carpenter v. Ford, Tex. Civ.App., 212 S.W.2d 984.

We do not deem it necessary to discuss or pass upon any of the remaining points of error in the brief of appellants as the matters to which they relate will not likely arise upon another hearing in the same form in which they are presented on this appeal. It is apparent, we think, that the available evidence material to the venue issues raised by the pleadings in this proceeding has not been fully developed. Because of the errors which we have discussed, the order of the trial court overruling the pleas of privilege of appellants is reversed and the cause is remanded to the court below for another hearing on the question of venue.