# MAY, 1945

RALPH C. MYERS ET AL V. J. R. THOMAS ET AL.

No. A-345. Decided April 4, 1945.
Rehearing overruled May 2, 1945.
(186 S. W., 2d Series, 811.)

*Grover Sellers*, Attorney General, *Wm. J. R. King* and *Geo. W. Barcus*, Assistants Attorney. General, for the State and the State Highway Department, and *Gean B. Turner*, of Cleburne, and *Allen Crowley*, of Fort Worth, for Ralph C. Meyers, petitioners.

*R. A. Kilpatrick*, of Cleburne, and *Strasburger, Price, Holland, Kelton & Miller*, of Dallas, for respondents.

MR. JUDGE TAYLOR, of the Commission of Appeals, delivered the opinion for the Court.

The State of Texas is an intervenor in this suit, which was filed by Ralph C. Myers. The basis of the State's intervention on behalf of the highway department was predicated upon the provisions of section 6a of article 8307, the section of the workmen's compensation act which provides workmen's compensation for employees covered by the State's general plan of workmen's compensation insurance whereby the insurance carrier, as subrogee, is authorized to recoup itself for compensation benefits paid the injured employee. The legislature in 1937 enacted article 6674s, Vernon's Annotated Civil Statutes, whereby a plan of workmen's compensation insurance for employees of the State highway department was provided. Under this plan the highway department was authorized to be self-insuring, and as a further part of the plan the Legislature adopted as supplemental to article 6674s, section 6a of article 8307. The adopted section provides for recoupment by the compensation insurer, as subrogee, to the extent of compensation benefits paid out of damages, if any, recovered from third persons (other than the employer) negligently causing the employee's injury.

The State's petition of intervention (filed by the attorney general) alleges payment of compensation benefits by the highway department to Myers, its employee, in settlement of his claim for injuries sustained in the course of his employment in constructing a part of one of the State's highways under a contract let by the highway department to J. E. Thomas and H. Ratliff. The defendants in the suit, which was filed by the highway department's injured employee, Myers, are Thomas &

Ratliff; and also R. L. Cain, alleged to be one of their employees. Judgment was rendered in favor of defendants upon findings of the jury and on appeal was affirmed. 182 S. W. (2d) 266. Both plaintiff and intervenor made applications for writs of error, and the application of each was granted on conflicts of holdings of the Waco court of Civil Appeals herein, and the Ft. Worth Court of Civil Appeals in Johnson v. Willoughby, 183 S. W. (2d) 201 in questions involving practice and procedure in suits in which a compensation insurer seeks, as authorized by section 6a, to recoup itself for benefits paid an injured employee, out of damage, if any, recovered from negligent third parties. Suits of this character will hereafter be referred to as compensation recoupment suits.

■ All of intervenor's pleadings relating to the settlement made by the highway department, as compensation insurer, with Myers, were prefaced by the statement that they were addressed particularly to the court, doubtless because, *as a matter of law* the alleged cause of action, together with the damages recovered, if any, belonged to Myers, burdened with intervenor's right of recoupment. Hartford Acc. & Indem. Co. v. Weeks Drug Store et al (Civ. App.), 161 S. W. (2d) 153; Trader's & General Ins. Co. v. West Texas Utilities Co. (Com. App.), 140 Texas 57, 165 S. W. (2d) 713.

Upon call of the case for trial intervenor moved the court not to permit any of the pleadings relating to the settlement to be read to the jury. It alleged as one of the grounds of the motion that the facts upon which it predicated its right of recoupment were for the trial court particularly, and were of no concern to the jury; also that the testimony to be offered in support thereof, and of the amount of damages sought, was immaterial. The motion was overruled. Admission of any evidence relating to the settlement was repeatedly objected to by intervenor for the reasons above indicated. The court overruled the objections and admitted not only evidence of the amount paid by intervenor in settlement of Myers' claim but also evidence of conversations between the parties leading to the settlement. Upon conclusion of the testimony intervenor specially requested the court to instruct the jury not to consider any of the evidence relating to the settlement and not to consider the fact that Myers and the higway department had made a settlement. The motion was denied.

The Waco court in affirming the trial court's action in overruling the State's requests and motions, stated as reasons there-

for that 1) "the practice and procedure contended for by intervenor constituted a departure from that which had previously prevailed in the trial of similar cases under the provisions of Art. 8307, Sec. 6a of Vernon's Texas Civil Statutes"; and 2) that it would aggravate "the inherent and inescapable difficulties necessarily incident to a proper application and enforcement of third party liability under the Workmen's Compensation Act." The affirmance by the Waco court of the trial court's denial of the requests and motions was in effect a holding that such action of the trial court was in no wise prejudicial to Myers' and intervenor's cause of action.

The Ft. Worth court in its opinion in Johnson v. Willoughby in upholding the action of the trial court in refusing to admit testimony similar to that admitted in this case, as pointed out above, said: "None of this evidence was admissible. The nature of the two claims, the one against the highway department and the other against the third party, are so entirely different, and so different are the rules of liability and the measure of damages applicable thereto, that the jury could only have been confused by being told the terms of the settlement. The fact of the settlement, or the amount paid, could shed no light upon the liability of the third party, or the amount of damages recoverable against the third party," citing and quoting from the Supreme Court of Alabama in Coleman v. Hamilton Storage Co., 235 Ala. 553, 180 So. 553.

■ The reasons given by the Waco court for its contrary holding are not persuasive. We cannot agree with the first reason, supra, since there was not in this jurisdiction at the time of the trial hereof such settlement practice and procedure as is contended for by respondents, in compensation recoupment cases. In fact it has long been settled that *it was prejudicial* to both the party negligently inflicting the injury upon the defendant, and the insurance carrier, in somewhat analogous cases, for the trial court to permit it to be brought directly to the jury's attention that the defendant was protected by insurance. Bransford v. Pageway Coaches, 129 Texas 327, 104 S. W. (2d) 471, and cases there cited.

We recognize the difficulties incident to a proper enforcement of third party liability under the Workmen's Compensation Act; but we are unable to agree that the only effect of reading the pleadings of the compensation insurer and the admitting of the evidence in question, was to aggravate the difficulties. The difficulties incident to the trial of compensation

recoupment suits growing out of the procedure complained of were recognized by the Ft. Worth court also, as appears from the following excerpts in its opinion: "The nature of the two claims, the one against the highway department and the other against the third party, are so entirely different and so different are the rules of liability and the measure of damages applicable thereto, that the jury could only have been confused by being told the terms of the settlement."

We .agree with the conclusion of the Ft. Worth court expressed in the foregoing excerpts from the opinion, and also with its view (quoted from Coleman v. Hamilton) that the only effect of such evidence "was to becloud the issues in the case and divert the minds of the jury." It can hardly be gainsaid, as was further stated in Johnson v. Willoughby, that "any supposed value that the fact of settlement, or the amount of it, or the negotiations leading up to it, could have as proof, would be more than offset by the misleading effect it would likely have upon the jury." Especially is this true since the general relevancy of evidence of that character upon the general issues involved is not very slight but wholly indirect. Certainly it has no direct relevancy to the issues upon which the jury decides whether the third party defendants are negligent, or upon the amount of damages, if any, to be assessed against them.

In determining whether the action of the trial court in the present case in admitting the testimony objected to by the State was prejudicial, we are persuaded by the fact that any testimony which is immaterial, and tends to becloud the issues and confuse and mislead the jury, is prejudicial in its effect. Such was the holding in Barrington et al v..Duncan, 140 Texas, 510, 169 S. W. (2d) 462, and Rojas v. Vuocolo, 142 Texas 152, 177 S. W. (2d) 962. It is ordinarily error for plaintiff to mention the fact in the presence of the jury that the defendant is insured against the liability which he is seeking to establish, or that he has no protecting insurance. For the same reason it is error to refer to the fact that the plaintiff is protected by some form of insurance. It is improper in either case because such fact is irrelevant and immaterial, and is calculated to work injury. Rojas et al v. Vuocolo, and cases there cited.

█ It is settled in this jurisdiction also that it is the correct practice in suits to recover workmen's compensation, not to permit evidence to go before the jury in any form that the industrial accident board refused or allowed the claim for compermit evidence to go before the jury in any form that the inpensation, or the amount of its award, if any. The Supreme

Court of Idaho, Lebak v. Nelson, 62 Ida. 96, 107 Pac. (2d) 1054, in passing upon the subrogation clause of the workmen's compensation act of that state (identical for all practical purposes with section 6a, supra) speaking for the intervenor in that case, said:

"(11) * * * To introduce the record and award by the Industrial Accident Board, awarding compensation under the Workmen's Compensation Act, as evidence against a third party, might become very prejudicial and strongly tend to lead a jury to the conclusion that an injury and wrong had been committed, and that the defendant is liable therefor, or, on the contrary, it might prejudice the plaintiff's case by the thought that the employee had already been compensated. * * * on the other hand, the jury in such trial have nothing to do with the question as to whether or not the employee has sought and recovered compensation under the compensation act. * * *."

We approve the above holding of the Ft. Worth court in Johnson v. Willoughby on this question, and hold, therefore, that it was error on the part of the Waco court to affirm the action of the trial court in following upon the trial of this case the practice and procedure complained of by intervenor. Furthermore, the record in the present case discloses that it was stated on voir dire by counsel for respondents that the "Insurance Division of the Highway Department * * * had paid and settled" with Myers and "had paid him a total of some $7,900." It appears also that counsel for respondents said in argument that Myers "had already been paid handsomely * * *." It was in evidence that Myers' teeth suffered injury as a result of the accident. Counsel for respondent said in his argument to the jury: "Well if it wasn't the great State of Texas' business to keep his teeth in condition, whose business is it * * * ?"

■ It is our conclusion that the holding by the Court of Civil Appeals in Johnson v. Willoughby in affirming the trial court's action in refusing to admit the evidence in question was correct, and that it was reversible error in the present case for the Court of Civil Appeals to affirm the action of the trial court in denying the motion of intervenor to keep from the jury facts relating to compensation benefits paid by the highway department as insurer. We are in accord also with the statement in Johnson v. Willoughby to the effect that the better procedural policy is not to read to the jury that portion of the pleadings which set forth the amount of benefits paid to the employee by the insurer in settling his claim for compensation, and that a settlement had been made by Myers with the highway department.

Since we have concluded that the practice and procedure followed upon the trial of the present case was erroneous and prejudicial, particularly to petitioners, and that the trial court was not in error in refusing respondent's motion for an instructed verdict, it is unnecessary to discuss the other questions presented.

There was evidence to support the jury's findings that the defendant's were not independent contractors. There was evidence to support the finding that defendant Cain was an employee of Thomas and Ratliff; also the findings of negligence on the part of Clark and McAdams, employees of Thomas and Ratliff. While the question of whether the unsworn ex parte statement of Cain was admissible may not arise upon another trial, we hold that it was admissible for impeachment purposes under the facts in evidence.

Had the practice and procedure approved herein as being based on the better policy been followed, some of the questions presented doubtless would not have arisen, particularly some of those relating to alleged improper argument. Justice can be better subserved by another trial of the case consistent with the holding herein.

The judgment of the Court of Civil Appeals affirming the trial court's judgment should be reversed and the cause remanded. It is so ordered.

Opinion adopted by the Supreme Court April 4, 1945.

Rehearing overruled May 2, 1945.