COMMERCIAL STANDARD INS. CO. v. TEXAS & N. O. R. CO.

No. 14812.

Court of Civil Appeals of Texas. Fort Worth.

Dec. 20, 1946.

Rehearing Denied Jan. 17, 1947.

Raymond E. Buck and Harry N. Harris, both of Fort Worth, for appellant.

Thompson, Walker, Smith & Shannon and John A. Kerr, all of Fort Worth, for appellee.

HALL, Justice.

This case submits a new and unique plea of privilege question. It grows out of the proper interpretation of Art. 8307, Sec. 6a, Vernon's Ann.St., in conjunction with the privileges enumerated under Sec. 25 of Art. 1995.

Appellant Commercial Standard Insurance Company filed this suit in Tarrant County, Texas, for damages, alleging negligence, in the sum of $30,000 against appellee Texas and New Orleans Railroad Company, resulting from the death of Chas. L. Dove at a crossing accident occurring in Cameron County, Texas. The suit was brought not only for recovery of money, but also for benefit of the parents of deceased who resided, at the time of the accident, in Harris County, Texas. They were both legally served, but did not answer or set up any further claim; the Insurance Company having theretofore paid them full compensation in round figures of some $6,000. The appellant prayed for right of subrogation to the extent of the $6,000, and that the balance of judgment, if any, be paid to the parents of the deceased after deducting expenses incurred by said Company in prosecuting said suit.

Appellee first filed a plea of privilege to be sued in Cameron County, the place of accident, and later, filed an amended plea to be sued in the county of its domicile, to-wit, Harris County. Appellant filed its controverting affidavit to maintain venue in its home county, to-wit, Tarrant, under the provisions of Sec. 25 of Article 1995, R.C.S. The trial judge, without a jury, sustained the plea and ordered the case transferred to Harris County. Appellant appealed from said order.

Appellant's Point No. 1, which he relies on for reversal of this case, is as follows: "The trial court erred in not overruling defendant's first amended plea of privilege after plaintiff Commercial Standard had duly and timely filed its controverting affidavit to said plea of privilege, and upon a hearing thereof had proven a prima facie case of negligence and damages against defendant and that plaintiff Commercial Standard's residence at the time of the injury and death of Charles L. Dove, and at all material times, was Tarrant County, Texas, and that defendant Railroad Company. maintained an agent, operated its railroad and used a depot in said Tarrant County, Texas, at all such times."

The trial court found findings of fact in favor of appellant; conclusions of law in favor of appellee.

Appellant Insurance Company claims the right to have this suit tried in its resident county, under Sec. 25, because it is styled the "Plaintiff". Said Sec. 25 reads in part as follows: "Suits against railroad corporations, or against any assignee, trustee or receiver operating any railway in this State, for damages arising from personal injuries, resulting in death or otherwise, shall be brought either in the county in which the injury occurred, or in the county in which the plaintiff resided at the time of the injury * * *."

Sec. 6a or Art. 8307 reads in part: "where the injury for which compensation is payable under this law was caused under circumstances creating a legal liability in some person other than the subscriber to pay damages in respect thereof, the employé may at his option proceed either at law against that person to recover damages or against the association for compensation under this law, but not against both, and if he elects to proceed at law against the person other than the subscriber, then he shall not be entitled to compensation under this law. If compensation be claimed under this law by the injured employé or his legal beneficiaries, then the association shall be subrogated to the rights of the injured employé in so far as may be necessary and may enforce in the name of the injured employé or of his legal beneficiaries or in its

own name and for the joint use and benefit of said employé or beneficiaries and the association the liability of said other person * * *."

Appellant's position in such a case is designated by the Supreme Court as a "compensation recoupment suit". Myers et al. v. Thomas et al., 143 Tex. 502, 186 S.W. 2d 811, which phrase signifies, within itself, a limited right for either a "set-off" or a "counterclaim." However, the statute does give appellant the right to bring a suit in the event one or two things are first done by the employee and/or his dependent legal beneficiaries, but in no event does appellant have the authority under the statute to adjust or compromise such liability against such third person without notice to the injured employee or his beneficiaries, and the approval of the Board upon a hearing thereof; neither does said statute authorize appellant to become plaintiff at the time of the accident.

Bearing in mind the question presented here is, do the two above statutes give to appellant an additional right which was not granted to injured employee and/or his legal dependents, or stating it more specifically is whether the asserted cause of action by appellant under Sec. 6a maintainable in its resident county, to-wit, Tarrant, when the injured employee and his legal beneficiaries both reside in Harris County; the accident occurred in Cameron County; and the appellee's domicile is in Harris County? We find not. In the instant case, under Sec. 25, the injured employee and/or his legal beneficiaries could only sue the appellee in either Cameron or Harris Counties; this is definite and certain. The appellant had no remedy for subrogation to the rights of the injured party until Sec. 6a of Art. 8307 became law. It is not a venue Statute, but does grant appellant, under certain circumstances, the right to enforce the liability of the third person, to-wit, the appellee. The statute, through subrogation, gave appellant only those rights granted the employee and/or his legal beneficiaries under Sec. 25. Said Section does not grant an assignee or subrogee an additional right to be sued in the county of their residence. The transfer of this cause of action did not

create greater remedies than those possessed by the original owners.

Sec. 6a provides a legal remedy for the compensation insurer as subrogee to recover compensation benefits paid out for damages to insured employee, which was negligently caused by third parties. Such contingency must await the action of the aggrieved party. If the compensation recipient proceeds at law against the person other than the subscriber, then in that event, appellant's cause of action does not arise.

■ Therefore, we find that the part of Sec. 25 pertinent to this case does not provide for venue to follow the chose in action, but its terms are in the past tense, such as, "Suits * * * shall be brought either in the county in which the injury occurred, or in the county in which the plaintiff resided at the time of the injury * *."

Appellant further cites in Point 1 the fact the undisputed evidence shows that appellee operated its railroad and used a depot in Tarrant County, Texas, should grant venue in said County. We find Sec. 25 limiting such a right to a non-resident plaintiff: " * * * If the plaintiff is a non-resident of this State, then such suit may be brought in any county in which the defendant corporation may run or operate its railroad, or have an agent. When an injury occurs within one-half mile from the boundary line dividing two counties, suit may be brought in either of said counties."

We find that same does not apply in this case. To allow a subrogee to sue in the county of its residence, where he resided at the time of the subrogation, or at the time of the accident, we think would defeat the purpose of Sec. 25 and we therefore overrule appellant's Point No. 1.

■ Appellant's Point No. 2 recites error for the trial court to sustain defendant's plea upon the theory that under the pleadings there were actually two possible plaintiffs, to-wit, appellant and/or the parents of the deceased. We overrule such a contention because in the first place we do not find where the trial court recognized two plaintiffs, or sustained the plea on such theory. In the second place, we find the parents of the deceased were made parties by appellant, and were served with legal process.

Appellant's Point 3 cites, "It was reversible error for the trial court to sustain defendant's first amended plea of privilege to be sued in Harris County, Texas, in that the plea prayed for relief not provided by law and not within the jurisdiction of the trial court to grant."

■ We disagree with appellant's statement in its brief to the effect that Sec. 25 does not provide for venue to be in appellee's resident county. We find it is a protective statute which guarantees appellee venue in its home county, if the exceptions set out in said Section are not applicable. The converse of this thought would be that Sec. 25 is an exception to Art. 1995, which Article provides that, "No person who is an inhabitant of this State shall be sued out of the county in which he has his domicile except in the following cases * * * ." See also Fouse v. Gulf, C. & S. F. Ry. Co., Tex.Civ.App., 193 S.W.2d 241.

We overrule appellant's Point 3.

■ Appellant's Point 4 is as follows: "It was reversible error for the trial court to assume jurisdiction to sustain the defendant's first amended plea of privilege to be sued in Harris County, Texas, when the same was not filed within the time defendant would have been required to answer."

■ The appellee filed its original plea asking for the cause to be transferred to Cameron County, the place of the accident. Later, it filed its amended plea to be sued in Harris County, the place of its domicile. Said amendment preceded the filing of appellant's controverting affidavit. The trial court found that defendant filed its plea in due time. We do not find an exception leveled at the filing date, under Rule 86, T. R. of C. P. The trial court found appellee's principal office to be in Harris County. We find the law is well settled that a plea of privilege may be amended. 43 Tex.Jur., p. 831; Miller v. Fram, Tex. Civ.App., 2 S.W.2d 1008; Jones v. Ford, Tex.Civ.App., 118 S.W.2d 333; Bates v. Stinnett, Tex.Civ.App., 170 S.W.2d 644.

We cannot assent to the correctness of appellant's Point of Error No. 4, and overrule the same.

Appellant's four points of error having been overruled, the judgment of the trial court in sustaining defendant's plea of privilege is affirmed.