## ALTENBAUMER et al. v. LION OIL CO.

### No. 12976.

United States Court of Appeals
Fifth Circuit.

Dec. 21, 1950.

Rehearing Denied Jan. 22, 1951.

Virgil T. Seaberry, Eastland, Tex., W. B. Patterson, Ralph Gillen, Dallas, Tex. for appellants.

O. O. Touchstone, Dallas, Tex., for appellee.

Before HUTCHESON, Chief Judge, and HOLMES and RUSSELL, Circuit Judges.

PER CURIAM.

The suit brought against appellee, defendant below, by the widow and his minor children for damages for the death of their husband and father, Frederick Altenbaumer, resulting from defendant's negligence, was brought for themselves and for

the benefit of the insurance carrier which also intervened.

The claim was: that deceased was a construction gang employee of Bradberry and Sasser, pipe line contractors, with whom defendant had contracted to lay a pipe line on its premises, and that while, as an invitee of defendant, he was at work thereon, the defendant suddenly and negligently and without warning to deceased, turned highly inflammable gas into the line which ignited and burned him to death.

Tried and submitted to a jury on a general charge, to which plaintiff took no exceptions, there was a verdict and judgment for defendant, n pdanalitnffsniaehrnnnnnn for defendant, and plaintiffs are here urging two grounds of reversal.

One of these is that the court erred in permitting defendant to repeatedly bring to, and impress on, the attention of the jury over plaintiffs' objection, the fact that the deceased was covered and protected by Workmen's Compensation Insurance.

The other was that the court had erred in refusing to give a special charge plaintiffs had requested.

Despite appellee's vigorous contentions to the contrary, we are in no doubt that the matter of the insurance, which was continuously brought and kept before the jury in connection with the pleadings, the evidence, and the argument,[1] had no legitimate place in the case, and that it was gravely prejudicial error to permit it to come in.

In the first place it was completely immaterial to any legitimate issue; in the second place it was highly prejudicial in itself and made more so by the way in which it was brought and kept before the jury.

For the error in not excluding it from the jury, the judgment must be reversed and the cause remanded.[2]

Because the cause will have to be retried and it is most unlikely that on another trial the questions arising on the refused charge will recur in that form, we pass, without determination or consideration, the claimed error in refusing the requested charge.

Reversed and remanded for trial anew.

---

1. " 'We required Bradberry and Sasser to furnish a copy of their insurance regarding taking care of their own men and it was to be approved by the company.' 'You had reference to Workmen's Compensation Insurance?' 'Yes, sir'. They were careful to see that they take care of their own men * * *. Was this Defendant careless or was it cautious? I submit the record shows that it was careful and it was cautious from the very beginning when we made this contract. It even went to the place of not only protecting their own men with Workmen's Compensation Insurance but it also went * * *. * * * How could a contractor be more careful, gentlemen, I ask you under this evidence * * *."

2. Texas Co. v. Betterton, 126 Tex. 359, 88 S.W.2d 1039; Myers v. Thomas, 143 Tex. 502, 186 S.W.2d 811; Ford v. Carpenter, Tex.Sup., 216 S.W.2d 558; Waldron v. Waldron, 156 U.S. 361, 15 S.Ct. 383, 39 L.Ed. 453.