**HILL et al. v. CITY OF GALVESTON.**

No. 12268.

Court of Civil Appeals of Texas. Galveston.

May 31, 1951.

Rehearing Denied June 28, 1951.

Armstrong, Barker, Bedford & Lambdin and Owen D. Barker, all of Galveston, for appellants Etheridge Hill and Leopold Gonzales.

Royston & Rayzor, M. L. Cook, all of Galveston, for appellant Texas Employers Ins. Ass'n.

Williams & Thornton and Bryan F. Williams, all of Galveston, for appellee.

CODY, Justice.

This suit was instituted by Etheridge Hill and Leopold Gonzales who, at all material times, were employed as longshoremen by the Southern Stevedoring Co., Inc., which company carried a policy of compensation insurance with the Texas Employers' Insurance Association, in compliance with the requirements of the Longshoremen's and Harbor Workers' Compensation Act, 33 U. S.C.A. §§ 901–950. The plaintiffs sued the City of Galveston to recover damages for personal injuries which were alleged to have been sustained by plaintiffs on August 8, 1949, as the proximate result of the negligence of the City and its representatives. Plaintiffs alleged that the injuries were sustained while they were engaged in trimming and stowing grain in bins in the hold of the S. S. Lipscomb Lykes, which ship was, at the time it was being loaded, upon the navigable waters of Galveston Harbor, the said grain being for transportation in foreign commerce. The City is the owner of certain elevators, including export elevator "B", from which the grain was being loaded onto the ship on the occasion in question. Plaintiffs alleged that while the grain was in the elevator it was caused to be fumigated by the City and that due to the negligence of the City's representatives in certain respects the grain became laden with poisonous and injurious gases, etc. This was a suit by plaintiffs to recover damages from the third party defendant and was not a suit to recover compensation benefits under the aforesaid Federal Compensation Act.

Plaintiffs also made the Texas Employers' Insurance Association, hereinafter called insurer, a party defendant and alleged that said insurer had paid certain compensation benefits to plaintiffs in connection with plaintiffs' injuries and prayed that the insurer be required to assert its claim for recoupment for any sum recovered by plaintiffs in this third party action against the City.

Plaintiffs additionally alleged that they filed the required notices under the aforesaid act, Sec. 912(a), with the Deputy Commissioner of the Federal Security Administration in Galveston and that thereafter, and before the filing of this suit, plaintiffs on October 7, 1949, filed with him, pursuant to Sec. 933(a) of said act, notice of plaintiffs' election to claim damages from the City and that pursuant to Sec. 933(b) of the act the Commissioner made no award of benefits.

The City filed a formal answer. The insurer filed its answer which asserted its claim of subrogation and asserted its suit for recoupment for compensation benefits paid to plaintiffs and the insurer substantially adopted the allegations of plaintiffs' petition. Subsequently, the City filed a formal answer to the insurer's suit for recoupment.

After this suit had slept on the docket for some months it was regularly set for trial on the jury docket for June 12, 1950. Thereafter, on June 2, the City filed a motion for leave to file a third party complaint against plaintiffs' employer, the Stevedoring Company, for contribution under the maritime law should plaintiffs recover any judgment for damages against the City. In that connection the City charged that either the negligence of the Stevedoring Company alone caused the damages or that it was a joint tort-feasor with the City. The motion was refused.

Then, on June 6, the City filed a cross-action against the insurer and in said cross-action alleged such claim as it had against the Stevedoring Company as fully and as completely as it could have done had the court granted its motion to be allowed to file a third party complaint against the Stevedoring Company as for a contribution under maritime law. It was the City's theory, as we understand it, that by reason of having paid compensation benefits under the aforesaid act the insurer, under and by force of said act, became the alter ego of the Steve-

doring Company (employer of plaintiffs) and that the insurer was accountable to the City for contribution on account of the acts alleged by the City against the Stevedoring Company.

Thereafter, on June 9, plaintiffs, joined by the insurer, filed a motion to strike the City's cross-action against the insurer, which motion contained the following:

## "II.

"The mere filing of the cross-action and the reading of the same to the jury is grossly prejudicial to the plaintiffs for the reason that it will create the erroneous impression that Southern Stevedoring Company, Inc. is covered with public liability insurance, and will thus encourage the jury to find that the acts and omissions of the Southern Stevedoring Company as alleged by the defendant were the cause of the plaintiffs' injuries."

The court overruled said motion. Thereafter a jury was selected and the cause recessed and the Texas Employers' Insurance Association filed its answer to the cross-action of the City of Galveston and again presented the question of the propriety of the cross-action by way of special exceptions which were overruled. Prior to any proceedings before the jury the City filed "A Motion for Instructions and Relief." This proceeding by the City was to require the attorneys of the Insurance Association to comply with the rule applicable to procedure in compensation recoupment suits laid down in the Myers case by the Supreme Court, Myers v. Thomas, 143 Tex. 502, 186 S.W.2d 811.

On June 29, in answer to special issues, the jury found that the City was not negligent in any of the various particulars alleged and submitted. They did find that plaintiffs were rendered ill by inhaling poisonous or injurious fumes while working in the hold of the Lipscomb Lykes; that the fumes came from the grain; that the injuries were the result of an unavoidable accident; that the inhalation of the fumes by plaintiffs was not due to the negligence of the City; that plaintiffs were not guilty of contributory negligence; that plaintiff Hill had been damaged to the extent of $7500.00 and Gonzales to the extent of $6000.00; that Southern Stevedoring Company, Inc., was negligent and that such negligence was the proximate cause of plaintiffs' injuries. We deem it unnecessary to give the further procedure.

Appellants, consisting of plaintiffs and the Insurance Association, predicate their appeal upon two points, as follows:

1. In an action against a third party (City of Galveston) by employees (of Southern Stevedoring Company, Inc.) who, when injured, were subject to the Longshoremen's and Harbor Workers' Compensation Act it was error for the trial court to permit such third party defendant to file a cross-action against the compensation carrier where there was no cause of action stated therein against the compensation carrier and where such purported cross-action injected into the case both prejudicial and immaterial matters which could but have tended to confuse the jury and prejudice it against plaintiffs and the compensation carrier.

2. Where the cross-action by the third party defendant against the compensation carrier who intervened for recoupment fails to state a cause of action and injects prejudicial and immaterial matters into the case, it is error for the Court to refuse to strike such pleading or to sustain special exceptions pointing out the defects in such cross-action.

The appellants (i. e., the plaintiffs and insurer) have seen fit to bring up a statement of facts covering only the hearing (which was had before the court alone) to strike the cross-action of the City against the insurer.

As indicated above, the plaintiffs were injured while engaged in maritime employment and where the jurisdiction of the State Court is invoked it must enforce the substantive rights of parties under the Longshoremen's and Harbor Workers' Compensation Act. Paxos v. Jarka Corp., 1934, 314 Pa. 148, 171 A. 468.

By Section 904 every employer is made liable to his employees for the compensation benefits under the act and compensation is made payable irrespective of fault as

a cause of injury. By Section 905 such liability is made exclusive and in place of all other liabilities of the employer to the employee, his legal representative, etc., and "anyone otherwise entitled to recover damages from such employer"—and other provisions not here pertinent. By Sections 906 and 907 the employer is required to furnish medical and hospital service at once to an injured employee, and by Section 914 the first installment of compensation must be made on the fourteenth day after the employer has knowledge of the injury. See American Stevedores v. Porello, U. S. Supreme Court, 330 U.S. 446, 67 S.Ct. 847, 852, 853, 91 L.Ed. 1011. It was there held by the Supreme Court that "The apparent purpose of the Act is to provide payments during the period while the employee is unable to earn, when they are sorely needed without compelling him to give up his right to sue a third party when he is least fit to make a judgment of election. For these reasons we think that mere acceptance of compensation payments does not preclude an injured employee from thereafter electing to sue a third party tort-feasor."

By Section 933(a) the employee may elect, by giving notice to the Deputy Commissioner, to receive compensation benefits under the act or recover damages against a third party tort-feasor. By Section 933(b) it is provided that acceptance of compensation benefits under an award "in a compensation order filed by the deputy commissioner shall operate as an assignment to the employer of all right of the person entitled to compensation to recover damages against such third person." It is this provision upon which the City primarily bases its right to predicate a suit for contribution from plaintiffs' employer, the Stevedoring Company, and the City bases its contention that it could offset in the action by plaintiffs and the insurer contribution from the Stevedoring Company against any judgment recovered by plaintiffs in this action. Section 933(i) provides "Where the employer is insured and the insurance carrier has assumed the payment of the compensation, the insurance carrier shall be subrogated to all the rights of the employer under this section." With the foregoing rapid review of the provisions of the act it becomes clear that unless the insurer intended to controvert its liability to pay plaintiffs compensation under the provisions of the act, it was required promptly to pay the medical and hospital benefits which it did pay and which it herein sought to recoup out of any recovery by plaintiffs against the City.

■ Had the attempt of the City to make the Stevedoring Company a party defendant to its cause of action to recover contribution as a joint tort-feasor not proved abortive, we would have to hold that the Stevedoring Company would not be liable in such an action. This, because we must follow as authoritative the construction placed upon the act by the highest Federal Court which has acted thereon. A Circuit Court of Appeal held in the case of American Mutual Liability Insurance Co. v. Matthews, 2 Cir., 182 F.2d 322, that the employer's liability with respect to any injury sustained by his employee and which is covered by the act is limited by the act and that a suit against him by a third party tort-feasor seeking contribution on the basis that the employer in joint tort-feasor would not lie since the act exempts said employer from any such liability. We regard the opinion as well reasoned. It reached the same result which our courts reached in West Texas Utilities Co. v. Renner, Tex.Civ.App., 32 S.W.2d 264, affirmed on the point in question by Commission of Appeals, 53 S.W.2d 451.

However, the Stevedoring Company was not a party to this suit and, strictly speaking, the question is not before us as to the liability of the Stevedoring Company. The insurer, by force of the act, had no alternative, unless it chose to controvert the right of plaintiffs to compensation under the act, to do other than to pay the compensation benefits which it here paid to plaintiffs. At the time it made such payments it satisfied its statutory obligation under the act.

■ Thereafter, the plaintiffs elected not to take compensation benefits but to pursue its remedy against the City. This

invested the insurer with the right to recoupment out of any recovery which plaintiffs might make from the City. Furthermore, no assignment by force of the statute for plaintiffs' claim against the City became vested in the employer. The right of the insurer to recoupment was, therefore, an equity based upon its contract of insurance with the employer. This right or equity of the insurer was independent of any common law liability (if we assume, contrary to the provision of the statute and the opinion heretofore cited, that there was available to the City such a common law or maritime liability for contribution) of the employer to the City. Such liability could not attach to the insurer's right of recoupment. In the Matthews case, supra, the suit for contribution was pursued against the employer independent of the suit of the employee for recovery. In other words, the insurer's right of recoupment is in virtue of his contract of insurance and, though it be derived through the employer, it is a contract right and can not be subjected to any tort liability which the employer may be under to the third party tort-feasor. Therefore, the trial court erred when he refused to strike the so-called cross-action of the City against the insurer.

Such cross-action could not but be prejudicial to the plaintiffs and, as for that matter, to the insurer and could not but have created the impression that the Southern Stevedoring Company was covered with insurance and encouraged the jury to find that the acts and omissions of that company caused plaintiffs' injuries. Such an impression was wrong because plaintiffs elected, as they had the right to do, to forego their right of insurance and to hold the City responsible. The insurer merely asserted its right of recoupment out of any recovery made by the plaintiffs from the third party. There can be no question of insurance in a third party suit by employees.

Our Supreme Court takes judicial knowledge "of the fact that a jury is more apt to render a judgment against a defendant, and for a larger amount, if it knows that the defendant is protected by insurance." Barrington v. Duncan, 140 Tex. 510, 169 S.W.2d 462, 465. Another Circuit Court of Appeals in the recent case of Altenbaumer et al. v. Lion Oil Co., 5 Cir., 186 F.2d 35, reversed a judgment because the court did not exclude from the jury the fact that the injured workman was covered by workmen's compensation insurance. Citing Texas Co. v. Betterton, 126 Tex. 359, 88 S.W.2d 1039; Myers v. Thomas, 143 Tex. 502, 186 S.W.2d 811; Ford v. Carpenter, 147 Tex. 447, 216 S.W.2d 558; Waldron v. Waldron, 156 U.S. 361, 15 S.Ct. 383, 39 L.Ed. 453. In the opinion the Court said, "In the first place it was completely immaterial to any legitimate issue; in the second place it was highly prejudicial in itself and made more so by the way in which it was brought and kept before the jury." [186 F.2d 36.] Plaintiffs have reserved a bill of exceptions to the argument of the City's counsel before the jury in which the question of insurance was brought before the jury time and again. We very much question whether we could look to said bill of exceptions as in itself presenting error. We refer to it not as presenting argument to the jury which was reversible error, but as confirming that the question of insurance was repeatedly brought before the jury, where it had no business to be.

In the absence of such bill of exceptions we would be constrained to reverse the judgment and remand the cause for a new trial.

Since the foregoing opinion was written, the United States District Court for the Southern District of Texas handed down an opinion in the case of Miranda v. City of Galveston, Tex., 98 F.Supp. 245. The case dealt with a suit for damages which flowed from the same set of alleged torts in connection with the loading of grain on the same ship. The construction placed upon the aforesaid workmen's compensation act tends to support our construction of it.

Judgment reversed, and cause remanded for new trial.