**DALLAS RAILWAY & TERMINAL CO. v. HENDRIX.**

No. 14676.

Court of Civil Appeals of Texas.
Dallas.

July 10, 1953.

Rehearing Denied Oct. 9, 1953.

Burford, Ryburn, Hincks & Ford and Bruce Graham, Dallas, for appellant.

W. D. Riley, Jr., Dallas, for appellee.

DIXON, Chief Justice.

This is a negligence case involving two automobile collisions. The first collision occurred in Dallas County, Texas on Sept. 16, 1950 between a car owned and operated by appellee, and a bus operated by an employee of the appellant. The second collision occurred in Tarrant County, Texas on Oct. 16, 1950, one month after the first collision. This second collision was between an automobile owned and operated by appellee and an automobile owned and operated by a third person who is not a party to this suit. Appellant was not in any way responsible for the Tarrant County collision—in fact had nothing to do with it. Nevertheless the damages adjudged against appellant were allowed in part on the theory that the injuries caused by appellant's negligence in the first accident retarded appellee's recovery from the injuries he received in the second accident. Appellee's total recovery was $1,391.65.

In the Dallas County collision on Sept. 16, 1950, in which appellant and appellee were both participants, appellee received a cut over his left eye which required eleven or twelve stitches; lacerations on his face and chest which were not serious; and an injury to his left knee which became infected a few days after the accident. His automobile was damaged to the extent of about $390. His doctor's bill was $50 or $60; ambulance bill $5; and hospital bill $9.20. Appellee lost about a week's time from his work as a result of the first collision.

The second collision in Tarrant County on Oct. 16, 1950, in which appellee and a third party were participants, had much more serious consequences. The third party was killed. Appellee's car was a total loss. Appellee himself suffered a fractured pelvis involving his hip, and a fractured left foot. His left knee had not completely recovered from its injury in the first accident, but was not re-injured in this second accident. He was hospitalized for nine weeks and later went back for another eight weeks. His hospital, doctor's and nurses' bills were more than $3,000.

Appellee himself testified that appellant did not cause the second collision, nor did anyone connected with appellant cause it; the second collision was caused by the negligence of the third party; but he did not sue the third party's estate because it had nothing from which payment could be effected.

The trial court submitted appropriate issues concerning negligence of the parties in the first accident. These were answered for appellee and against appellant. In connection with the damage issue respecting physical pain, doctor's and hospital bills, and diminished earning capacity, the court gave this instruction:

"You are instructed * * * that you can not and must not allow or fix any sum of money whatsoever as compensation to the plaintiff which resulted from the accident in which he was involved in Tarrant County on Oct. 16, 1950 * * * *except as you may find from a preponderance of the evidence that said Dallas County collision may have retarded, if you find it did retard, the recovery of the plaintiff from the injuries received by him in the Tarrant County collision."* (Emphasis supplied.)

Appellee argues that the above instruction was proper because there was evidence to support a finding that appellee would

have recovered sooner from his subsequent injuries, and with less pain and expense, but for the earlier injuries proximately caused by appellant's negligence in the first accident.

Appellant's first point on appeal is that the trial court erred in permitting the jury to allow plaintiff damages based on an alleged retarded recovery from the Tarrant County accident, occurring subsequent to the accident with appellant, and to which later accident appellant was not a party.

In connection with its first point appellant says that there was no evidence to support the court's instruction. We agree with appellant. We have carefully read and re-read the record and we find no testimony to the effect that appellee's recovery from his injuries received in the second collision was in fact retarded by his earlier injuries. Appellee himself testified that appellant did not cause the Tarrant County collision and his (appellee's) injured knee was not hurt again in the Tarrant County collision. His doctor testified that no infection in the knee reoccurred and that the hip infection following the second accident came in his opinion from the hip itself. Another doctor who attended appellee following the Tarrant County collision testified that appellee did not give him any history of a previous knee injury. This testimony certainly does not bear out appellee's allegation in his petition that the weakened condition of his knee "greatly impeded and retarded plaintiff's recovery from the injuries sustained in the second accident." There is no testimony from any witness that (to quote plaintiff's petition), "as a result of the prior damage to plaintiff's knee and knee joint he was unable to exercise his leg so as to speed up and facilitate the recovery of his injured pelvis and foot." The testimony does show that by the time of the second accident appellee was again driving his car and was exercising his injured knee to whatever extent was necessary in pushing in the clutch with his left foot.

Appellant says further that its negligence in the first collision cannot as a matter of law, be considered a proximate cause of retarding appellee's recovery from his later injuries, for the reason that the element of foreseeableness, is lacking.

That foreseeableness is a necessary element of proximate cause is too well settled as a matter of law to need any citation of authorities. Further, under the law of negligence in this State a party committing a negligent act is not responsible for a consequence which is merely *possible according to occasional experience;* he is expected to foresee and is responsible only for a consequence which is *probable according to ordinary and usual experience.* Garrett v. Waits Bus Lines, Tex.Civ.App., 229 S.W.2d 381, writ ref. We also think this is a correct statement of the law: "A prior and remote cause cannot be made the basis for an action for damages if it did nothing more than furnish the condition * * * by which the injury was made possible if the injury is the result of some other cause which reasonable minds would not have anticipated, even though the injuries would not have happened but for such condition." Panhandle & S. F. Ry. Co. v. Sledge, Tex.Civ.App., 31 S.W.2d 146, 149, affirmed Tex.Com.App., 45 S.W.2d 1112.

Applying the above principles to the fact situation before us, we are of the opinion that the thread of proximate cause, beginning with appellant's negligence in the first accident, does not reach to and include the injuries sustained by appellee in the second accident. We think it is unreasonable to say that under the circumstances here present appellant, in the light of ordinary and usual experience, ought to have foreseen that appellee would probably be injured in a second accident with a third party a month after his first accident; and that his recovery from his second injuries would be retarded by appellant's earlier negligence. We think our conclusion is supported by the following cases: Texas & P. Ry. Co. v. Bigham, 90

Tex. 223, 38 S.W. 162; Ft. Worth & Denver City Ry. Co. v. Looney, Tex.Civ. App., 241 S.W.2d 322, ref. n. r. e.; Wm. Cameron & Co. v. Thompson, Tex.Civ. App., 175 S.W.2d 307, ref. w. m.; Texas & N. O. Ry. Co. v. Murray, 63 Tex.Civ. App. 340, 132 S.W. 496; City of Dallas v. Maxwell, Tex.Com.App., 248 S.W. 667, 27 A.L.R. 927.

■ Appellant's second point on appeal is that the court erred in refusing to permit appellant to show that appellee had been paid by his workmen's compensation carrier for his hospital and doctor's bills growing out of the second accident. We overrule appellant on this point. It is true that the employee's right of recovery against a negligent third party is limited to damages in excess of the compensation paid him. Art. 8307, sec. 6a; Traders & General Ins. Co. v. West Texas Utilities Co., 140 Tex. 57, 165 S.W.2d 713. Nevertheless in a suit like this, when the employee is suing a third party for common law negligence, it is improper to introduce before the jury evidence showing that a settlement has been made with the workmen's compensation carrier and the amount of the benefits paid. Myers v. Thomas, 143 Tex. 502, 186 S.W.2d 811.

■ Appellant asserts in its third point on appeal that when appellee sought to use the repair bill as the measure of damage to his automobile, the burden was on him to show that the value of such automobile was not enhanced by such repairs. Our Supreme Court has held otherwise. Evidence showing the reasonable and necessary cost of restoring personalty to its condition immediately prior to the damage makes out a prima facie case. The burden then shifts to a defendant to show that the repairs as made resulted in an enhanced value. Pasadena State Bank v. Isaac, 149

Tex. 47, 228 S.W.2d 127. Appellant's third point is overruled.

Because of the error discussed under appellant's first point we have concluded that the judgment of the trial court should be reversed and the case remanded for another trial.

Reversed and remanded.

### On Motion for Rehearing

■ On motion for rehearing appellee contends that under Rule 434, Texas Rules of Civil Procedure, it was error for us to remand that part of the trial court's judgment which decreed $391.65 for damages to appellee's automobile.

Our Supreme Court has already passed on the point adversely to appellee's contention. Fisher v. Coastal Transport Co., 149 Tex. 224, 230 S.W.2d 522. The case above cited was a negligence case. The trial court rendered a judgment based on separate jury findings as to property damage and personal injuries. On appeal it was held that the submission as to personal injury damages was fatally defective because the court failed to include the elements of "reasonable probability" as to future pain and mental suffering. The Court of Civil Appeals, 225 S.W.2d 995, held that the error did not affect the entire judgment and affirmed the judgment as to property damage, reversing it in part only, so that another trial would be limited to a consideration of the personal injury damages. But the Supreme Court held the issues were indivisible, reversed the Court of Civil Appeals, and sent the entire case back for retrial. Four of the Justices on the Supreme Court dissented, but they dissented only on the question whether the court's submission was fatally defective. Apparently there was no dissent on the point now before us.

Motion for rehearing overruled.