M. E. SUMMERS, Administrator, Appellant,

v.

Joyce NEAL, Appellee.

No. 3446.

Court of Civil Appeals of Texas.

Eastland.

April 10, 1959.

Wiley L. Caffey, Bill Tippen, Abilene, for appellant.

James Pearson, Sweetwater, for appellee.

WALTER, Justice.

Joyce Neal sued James A. Becker for conversion of laundry equipment. Becker,

who held a mortgage on some of the equipment, alleged Mrs. Neal voluntarily surrendered the equipment to him. The jury found that Becker converted the property and that its value was $3,000 and judgment was entered for Mrs. Neal for such amount, plus interest. Becker died and his administrator has appealed from such judgment contending (1) there is no evidence to support the jury's answer to special issue 2 on the value of the property and said answer is against the weight of the evidence (2) fundamental error relative to the manner in which appellee proved market value of the property (3) the court erred in refusing appellant's "oral" request for a special issue and (4) jury misconduct.

 Mrs. Neal testified she did not voluntarily surrender the laundry property to Becker, and the jury found that the acts of Becker in taking the laundry constituted conversion. After properly qualifying the appellee as a witness on cash market value of the laundry property, appellee testified such value to be $10,000. She then testified about the indebtedness against the property. Special issue 2 asked the jury the cash market value of the laundry property in question at the time of its conversion, less the amount of indebtedness. The jury answered $3,000. Following the principles of law in passing on "no evidence" points stated by the Supreme Court in Joske v. Irvine, 91 Tex. 574, 44 S.W. 1059, we find there was evidence to support the jury's answer to issue 2. Following the applicable principles of law set forth in In re King's Estate, 150 Tex. 662, 244 S.W.2d 660, we find that the jury's answer to issue 2 is not against the great weight and preponderance of the evidence. We also hold that the appellee properly proved the cash market value of the laundry property in question. The appellant's point that the court erred in refusing to give his oral request for a special issue has been considered and is overruled. Rule 273, Rules of Civil Procedure.

Under Rule 327, R.C.P., the appellant had the burden of not only proving

by a preponderance of the evidence that the alleged jury misconduct actually occurred, but also that such misconduct probably resulted in injury to him. Barrington v. Duncan, 140 Tex. 510, 169 S.W.2d 462: The evidence from the jurors who testified on motion for new trial was conflicting on the issue of whether jury misconduct actually occurred. The trial court's finding that no misconduct occurred is binding on the appellate court unless it is clearly wrong. Myers v. Thomas, Tex.Civ.App., 182 S.W.2d 266, reversed on other grounds, 143 Tex. 502, 186 S.W.2d 811.

We have considered all of appellant's points and find no merit in them and they are overruled. The judgment of the trial court is affirmed.