C. H. KILFOYLE et al., Appellants,

v.

John M. WALKER, Appellee.

No. 601.

Court of Civil Appeals of Texas, Tyler.

Dec. 30, 1971.

Rehearing Denied Jan. 27, 1972.

Jones, Jones & Baldwin, Carl Roth, Marshall, for appellants.

Charles H. Clark, Tyler, for appellee.

MOORE, Justice.

Plaintiffs, C. H. Kilfoyle and Myrtle Adams Wright, brought suit against defendant, John M. Walker, for damages resulting from an automobile collision on Interstate Highway 20 in Van Zandt County, Texas. Plaintiff Kilfoyle sued for personal injuries and damages to his automobile. Plaintiff Wright, a passenger in the Kilfoyle automobile, also sued for damages for personal injuries. Defendant answered with a general denial and a plea of unavoidable accident. After a trial before a jury, the jury returned a verdict in favor of Kilfoyle for the sum of $247.00 for personal injuries and $2,000.00 for damages to his automobile and awarded plaintiff Wright the sum of $500.00 for personal injuries.

Prior to judgment, counsel for defendant filed a motion requesting the court to disregard the jury's verdict awarding plaintiff Kilfoyle $2,000.00 as damages to his

automobile. As grounds for his motion defendant alleged that Kilfoyle should be denied a recovery for damages to his automobile because he had assigned his cause of action to his own collision insurance carrier, Granite State Insurance Company. He alleged that because of the assignment Kilfoyle had no cause of action. Attached to the motion as an exhibit was a document entitled "Loan Receipt" purportedly signed by C. H. Kilfoyle. The document shows that Granite had loaned Kilfoyle the sum of $929.00 and shows that Kilfoyle agreed to repay such sum to Granite if and when such amount was collected from the tort feasor causing the damages. No evidence was offered on the motion. After the hearing the trial court disregarded the jury's finding of $2,000.00 property damages and in place thereof substituted his own finding of $929.00, being the same amount Kilfoyle received from Granite under the Loan Agreement. The judgment further awarded plaintiffs damages for personal injuries as found by the jury. Plaintiffs duly perfected this appeal. The parties will hereinafter be referred to as "appellants" and "appellee."

By a sole point of error, appellants urge that the trial court erred in disregarding the jury's finding of $2,000.00 property damages and substituting in lieu thereof his own finding in the amount of $929.00. We sustain the contention and reverse and render that portion of the judgment relating to property damages.

The trial court's rationale in disregarding the jury verdict and substituting in lieu thereof the same amount that Kilfoyle received from his own insurance carrier under the loan receipt is without explanation. While appellee contends by a cross point that appellant Kilfoyle had no cause of action for property damages, no contention is made that the evidence fails to support the jury's finding. There is ample evidence to support the jury's finding of $2,000.00 damages to the automobile.

The loan receipt was first brought to light in appellants' motion to dis-regard. Appellee however offered no proof on the motion and the loan receipt was never proved up or authenticated. While the trial court's reason for disregarding the jury's finding is not explained, it is apparent that the trial court must have concluded that the loan receipt was properly before the court; and, being properly before the court, it constituted conclusive proof of the extent of damages to the appellee's automobile. We have concluded that neither of these findings can be sustained. In the first place, the loan receipt was never authenticated or offered in evidence, either before the court or upon the trial before the jury. In such posture, it did not constitute competent evidence on which the trial court could act. Rule 270, Texas Rules of Civil Procedure, unequivocally provides: " * * * in a jury case no evidence on a controversial matter shall be received after the verdict of the jury." Secondly, even if the loan receipt had been properly identified and tendered into evidence, it would not constitute a bar to appellants' right to recover against appellee. Furthermore it would not be admissible upon the measure of damages. A "loan receipt" transaction is a contractual agreement between the insurer and the insured providing for the advancement by the insurer to insured of a certain amount of money to cover damages sustained by the insured with regard to the vehicle. 7 Tex. Jur.2d, sec. 35, p. 278. There is nothing in the instrument showing an assignment of the cause of action to Granite. By finding that Kilfoyle was entitled to at least some property damages, the trial court impliedly found that the loan receipt did not bar the claim. Since the amount of damages as found by the trial court is the same amount received by Kilfoyle under the loan receipt, the trial court obviously concluded that the loan receipt was conclusive upon the extent of the damages. Appellee did not plead estoppel. Certainly the amount agreed by the parties to this transaction would not constitute conclusive evidence as to the extent of the damages to the insured's vehicle in the absence of some pleading

and proof of estoppel. Moreover, under the circumstances presented here, we think such evidence would be inadmissible because it would have no direct relevancy upon the amount of damages, if any, to be assessed against the third party tort feasor. Myers v. Thomas, 143 Tex. 502, 186 S.W. 2d 811, 813; Ricks v. Smith, 204 S.W.2d 12 (Tex.Civ.App., Austin, 1947, ref., n. r. e.).

 The impropriety of the court's action in disregarding the jury findings concerning property damage is obvious when viewed in light of Rule 301 of the Texas Rules of Civil Procedure. This rule provides that " * * * the court may, upon like motion and notice, disregard any Special Issue Jury Finding that has *no support in the evidence.*" (Emphasis supplied.) A trial court may not disregard the jury's findings of fact and enter judgment non obstante veredicto unless there is no evidence of probative value upon which the jury could have relied in making its determination of fact. In considering such a motion all testimony must be considered in the light most favorable to the party against whom the motion is sought and every reasonable intendment deducible from the evidence is to be indulged in such party's favor. Houston County v. Leo L. Landauer & Associates, 424 S.W.2d 458, 464 (Tex. Civ.App., 1968, ref., n. r. e.); Lynch v. Ricketts, 158 Tex. 487, 314 S.W.2d 273, 276 (1958); and Leyva v. Pacheco, 163 Tex. 638, 358 S.W.2d 547, 550 (1962). As stated, there is ample evidence in the record to sustain the jury's finding that the damages to the automobile amounted to $2,000.00. Consequently, it must be concluded that the action of the trial court in disregarding the finding and in substituting his own in lieu thereof constitutes reversible error.

Accordingly, that portion of the judgment awarding appellant Kilfoyle the sum of $929.00 damages to his automobile is hereby reversed and judgment is hereby rendered in favor of appellant, C. H. Kilfoyle, for the sum of $2,000.00. In view of the fact that the judgment appears to award the total amount of damages to appellants jointly, the judgment is hereby reformed so as to award appellant, C. H. Kilfoyle, the sum of $2,247.00 and appellant, Myrtle Adams Wright, the sum of $500.00. In all other respects the judgment is affirmed.

Affirmed in part and reversed and rendered in part.