Alberto MARTINEZ, Appellant,

v.

RV TOOL, INC., Appellee.

No. 08–86–00282–CV.

Court of Appeals of Texas,
El Paso.

July 1, 1987.

Rehearing Denied Aug. 26, 1987.

Roger Jatko, Keith Wilson, Bell & Jatko, Odessa, for appellant.

Perry Davis, Jr., W. Stacy Trotter, Shafer, Davis, McCollum, Ashley, O'Leary & Stoker, Odessa, for appellee.

Before OSBORN, C.J., and
SCHULTE and WOODARD, JJ.

## OPINION

OSBORN, Chief Justice.

Alberto Martinez appeals from a take nothing judgment entered in a third-party personal injury suit. We affirm.

Mr. Martinez was employed in November, 1983, as a floor hand for Bates Well Service. He sustained serious injuries to his left hand when a safety clamp, which had been leased from RV Tool, Inc., slipped down on a drill collar and fell, striking his hand. The jury found no negligence and did not award any damages, since the damage issue was conditionally submitted based upon a finding of negligence and proximate cause upon the part of the defendant.

At the time of the accident, Bates Well Service, a corporation owned by W.D. Bates and son, Larry Bates, had a well servicing unit working in Winkler County, Texas. The unit operator was Kenneth Stewart. In order to do some drilling operations, Bates Well Service leased reverse operating equipment, including a pump, pit, swivel, drill collars and safety clamps from RV Tool, Inc., another corporation owned by W.D. Bates and son, Larry Bates. The reverse unit operator was Gordon Storey, an employee of RV Tool, Inc. Although Mr. Storey advised the well service crew that the safety clamps should be removed as each drill collar was pulled, Mr. Stewart, the unit operator, testified that it was his responsibility to see that the clamps were removed as each drill collar was raised. In effect, Mr. Stewart, as unit operator, took full responsibility for the happening of this accident. This apparently resulted in the jury's believing that the co-employee alone was at fault, although no issue was submitted to the jury as to the negligence of

Mr. Stewart. See: *Magro v. Ragsdale Brothers, Inc.*, 721 S.W.2d 832 (Tex.1987). No negligence was found upon the part of either Appellant or Appellee. By his first two points of error, Appellant contends the trial court erred in refusing to allow proof of the compromise settlement agreement between Appellant and Bates' compensation carrier. It is asserted that this evidence was offered for the purpose of showing bias upon the part of Larry Bates. He was called as an adverse witness, and the evidence was fully developed before the jury as to his position as president and as co-owner of RV Tool, Inc., and his co-ownership of Bates Well Service. He was not present when the accident occurred, but did testify about the drilling operations and the equipment being used at the time of the accident.

The general rule is that a jury in a third-party suit should not be made aware of a worker's compensation claim. *Myers v. Thomas*, 143 Tex. 502, 186 S.W.2d 811 (1945). Since information as to a worker's compensation claim is not material to the liability and damage issues in the third-party suit, it is reversible error to advise the jury of such a claim. *Pattison v. Highway Insurance Underwriters*, 278 S.W.2d 207 (Tex.Civ.App.—Galveston 1955, writ ref'd n.r.e.); *Allmon v. Texas Electric Service Co.*, 242 S.W.2d 806 (Tex.Civ.App.—El Paso 1951, writ ref'd n.r.e.).

The settlement agreement would not be admissible under the holding in *Scurlock Oil Company v. Smithwick*, 724 S.W.2d 1 (Tex.1986), because it is not a "Mary Carter" agreement between identical parties from a prior proceeding. The compromise settlement agreement was not signed by Larry Bates and did not involve Bates Well Service as a party to the claim. In fact, under the Workers' Compensation Act, Alberto Martinez was barred from making a claim against Bates Well Service. Although this case did involve two interrelated companies, that evidence was fully developed and the jury was able to evaluate Larry Bates' testimony, knowing his ownership and position with the two companies. The compromise settlement agreement in the compensation case would not have im-

peached him. It would only have served to confuse the jury on issues unrelated to this suit. Points of Error Nos. One and Two are overruled.

The Appellant asserts in the next two points of error that the trial court erred in refusing to permit Buddy Mallone to testify as a rebuttal witness. In November, 1985, Appellee served interrogatories on Appellant to obtain the names of any expert witnesses Appellant intended to call to testify at the trial. The response filed February 11, 1986, gave the name of a medical doctor and an economist. On June 9, 1986, supplemental answers were filed which listed Buddy Mallone, a consultant, as an expert witness who would testify "concerning the job responsibilities of a reverse unit operator during drill out operations in the presence of the pulling unit crew." Trial commenced on June 24, 1986, and the evidence was completed the following day. The supplemental answers were not filed thirty days prior to the trial as required by Rule 166b, para. 5, Tex.R. Civ.P. Mr. Mallone was not called as a witness until after the defendant had rested and he was presented as a rebuttal witness. The court denied the request. No bill of exception was made to show what his testimony would have been at the time of the trial. His affidavit was attached to the motion for new trial and he testified by bill of exception at the hearing on the motion for new trial.

In *Morrow v. H.E.B., Inc.*, 714 S.W.2d 297 (Tex.1986), the Court noted that a failure to properly supplement interrogatories "results in the loss of the opportunity to offer the witness' testimony. The sanction is automatic. The exception is when good cause is shown why the testimony should be allowed in spite of the discovery sanction." Also see: *Gutierrez v. Dallas Independent School District*, 729 S.W.2d 691 (Tex.1987). In this case, no evidence was offered to show good cause and there is no showing of an abuse of discretion. *Yeldell v. Holiday Hills Retirement and Nursing Center, Inc.*, 701 S.W.2d 243 (Tex.1985). Appellant listed Buddy Mallone as an expert witness. Having failed to comply with

Rule 166b, para. 5, Tex.R.Civ.P., the witness could not be tendered in rebuttal as a fact witness. He was not present when the accident occurred. The amended answers to the interrogatories and the affidavit filed with the motion for new trial show that he was going to testify as an expert concerning oil field customs and practices. The Appellant could not do indirectly that which he could not do directly. He could not state his intention to call Mr. Mallone as an expert witness and then when the testimony was refused because of a failure to comply with the applicable rule purport to call him as a factual witness to present the same evidence to the jury. No error is shown. Points of Error Nos. Three and Four are overruled.

The judgment of the trial court is affirmed.