E.V.R. II ASSOCIATES, LTD., E.V.R. II Partnership, and Enclave Development Corporation, Appellants,

v.

Riley T. BRUNDIGE and Liberty Mutual Fire Insurance Company, Appellees.

No. 05–90–00719–CV.

Court of Appeals of Texas, Dallas.

June 4, 1991.

 

Lawrence E. Hoecker and Clarence A. Guittard, Dallas, for appellants.

Joanne Early, Dallas and Michael A. Robertson, Grand Prairie, for appellees.

Before ENOCH, C.J., and T.C. CHADICK[1] and SPENCER CARVER[2] (Retired, Sitting by Assignment), JJ.

OPINION

T.C. CHADICK, Retired Justice.

This is an appeal from a judgment in a personal injury suit grounded upon premises liability. The judgment is affirmed.

Riley T. Brundige instituted the action as plaintiff, and E.V.R. II Associates, Ltd., E.V.R. II Partnership, and Enclave Development Corporation (collectively "Enclave" hereafter), the alleged owners of the premises involved, all responded as defendants, and Liberty Mutual Fire Insurance Company intervened. On April 18, 1987, Brundige was a security service employee of Southern Property Management, an independent contractor and site manager for Enclave at Valley II Apartments. Brundige pleaded that after nightfall he was on the apartment premises investigating a complaint when he stumbled, fell, and suffered serious injury. Enclave responded with a general denial and pleaded several special defenses. Liberty Mutual pleaded that as workers' compensation carrier for Southern Property Management Company it paid Brundige, and on his behalf, an aggregate of $47,293.73 as indemnity payments and medical expenses. Liberty Mutual adopted the allegations of Brundige's pleadings describing liability and injuries, and prayed to be subrogated to the rights of Brundige in any recovery from Enclave up to the amount it, Liberty Mutual, had paid or might be required to pay in discharge of its obligations as an insurer.

A jury found in favor of Brundige and against Enclave, and judgment was entered awarding Brundige $270,468.43 together with interest and costs, and awarding Liberty Mutual $46,500.00 to be paid out of Brundige's recovery. Liberty Mutual also recovered attorneys' fees aggregating $22,000.00. Hereafter, when necessary to the understanding of the discussion that follows, pleadings, judgment, and facts will be noticed in more detail.

A common thread of complaint regarding information furnished the jury as to work-

---

1. The Honorable T.C. Chadick, Justice, Retired, Supreme Court of Texas, sitting by assignment.

2. The Honorable Spencer Carver, Justice, Retired, Court of Appeals, Fifth District of Texas at Dallas, sitting by assignment.

ers' compensation benefits paid and recoupment thereof is woven into Enclave's first three points of error. Repetition may be avoided by discussing them as a unit. Enclave's first point challenges the trial court's rulings that allowed Liberty Mutual to advise the jury of payments it made to or on behalf of Brundige as workers' compensation insurer and of Liberty Mutual's right to recoupment. The second point of error, alternative to the first, asserts that failure to order a separate trial on Liberty Mutual's subrogation claim was erroneous. The third point urges as error the action of the trial court in submitting Question No. 7 to the jury to determine the amount of Liberty Mutual's payments for medical treatment and weekly compensation, because, though disputed, this issue was confusing, immaterial, and prejudicial to Enclave.

Prior to trial, Enclave filed and urged a written motion in limine requesting that the court instruct counsel not to mention in the jury's presence that Brundige had filed a workers' compensation claim and had received benefits paid by Liberty Mutual. In presenting the motion, Enclave's counsel argued that any evidence of workers' compensation payments would be highly prejudicial to Enclave and moved the court to exclude any mention of these payments in the presence of the jury. At this hearing, Enclave's counsel also argued that if Brundige and Liberty Mutual needed a jury trial on the issues between them, the case should be bifurcated so that they would have a separate trial and moved the court to take such action. Shortly thereafter, the court announced that Paragraphs X and XI of the motion in limine were overruled and denied Enclave's motion for mistrial, but did not then or thereafter act upon or dispose of Enclave's oral motion to bifurcate.

Paragraphs X and XI did not pertain to or even mention the oral motion to bifurcate the trial or to sever or have a separate trial on any issue or issues in the case. Neither did counsel for any party nor the trial judge thereafter allude to the oral motion, nor was the trial judge subsequently requested to act thereon by any party.

When a compensable injury under the terms of the workers' compensation laws is caused under circumstances creating a legal liability on some person other than the worker's employer, "the insurance carrier is subrogated to the rights of the injured employee" for recoupment of benefits paid to or on behalf of the employee. TEX.REV.CIV.STAT.ANN. art. 8308–4.05(b) (Vernon Supp.1991). In suits of this nature, permissive joinder of the compensation insurer in the same action is allowed. TEX.R.CIV.P. 40(a). But as a fairness precaution, subdivision (b) of Rule 40 authorizes the trial judge to order separate trials or make other orders to prevent prejudice. Also relevant in this respect is Rule 411 of the Texas Rules of Civil Evidence (summing up developed case law) which states:

> Evidence that a person was or was not insured against liability is not admissible upon the issue whether he acted negligently or otherwise wrongfully. This rule does not require the exclusion of evidence of insurance against liability when offered for another issue, such as proof of agency, ownership, or control, if disputed, or bias or prejudice of a witness.

In a workers' compensation self-insurer case, the Texas Supreme Court has held that the nature of a plaintiff's claim against the insurer and his claims against a third-party tortfeasor are so different as to the rules of liability and applicable measures of damages that a jury could only be confused by being told the compensation self-insurer had settled. The only effect of such evidence is to cloud the issues in the third-party damage suit and divert the minds of the jury. The court then asserted that this immaterial evidence (of insurance and compensation benefits) was prejudicial in its effect. *Myers v. Thomas*, 143 Tex. 502, 186 S.W.2d 811, 812–13 (1945). In addition to the motion in limine, Enclave objected at various times in the course of the trial to evidence, pleadings, and statements of counsel that advised the jury that Brundige had received workers' compensation benefits and that informed the jury of Liberty Mutual's right of recoupment.

■ The authority for a trial judge to order separate trials to prevent prejudice, if exercised, would have relieved the trial of the conditions Enclave's objections sought to counter. Though an oral motion to that end was made by Enclave, as previously stated it was not ruled upon by the trial judge. However, after making the motion, Enclave did not take the action required to preserve a complaint for appellate review. Texas Rule of Appellate Procedure 52(a) reads in part:

It is also necessary for the complaining party to obtain a ruling upon the party's request, objection or motion. If the trial judge refuses to rule, an objection to the court's refusal to rule is sufficient to preserve the complaint.

Enclave's failure to preserve error constitutes waiver.

■ Enclave directly questions neither Liberty Mutual's right of recovery, authorized by article 8308–4.03 of the Texas Revised Civil Statutes, nor the application of the permissive joinder provisions of Rule 40(a). Nevertheless, objection to evidence of payment of benefits and recoupment, unaccompanied by a motion to sever, or insistence upon Enclave's oral motion for a separate trial, heretofore mentioned, or a motion to limit the jury's consideration of such information to its singular purpose of supporting issues in Liberty Mutual's cause of action, would have the draconian effect of depriving Liberty Mutual of all right to recovery. Such objections would also run counter to and nullify that part of Texas Rule of Civil Evidence 411 which specifically excepts from the rule's prohibitions evidence of insurance against liability offered for proof on other issues. The evidence in question here was offered on such excepted issues. Instructive are *Charter Oak Fire Insurance Co. v. Currie,* 670 S.W.2d 368, 371 (Tex.App.—Dallas 1984, no writ), and *Yeary v. Hinojosa,* 307 S.W.2d 325, 334 (Tex.Civ.App.—Houston 1957, writ ref'd n.r.e.). Additionally, we note that injection of insurance into a trial does not automatically create reversible error. *Babcock v. Northwest Memorial Hosp.,* 767 S.W.2d 705, 708 (Tex.1989); *Dennis v. Hulse,* 362 S.W.2d 308, 309 (Tex.

1962). The trial judge correctly overruled the objections.

Brundige declined to stipulate the dollar amount of benefits and medical expenses Liberty Mutual paid him or on his behalf, testifying that he did not know and therefore could not agree that the amount claimed by Liberty Mutual was correct. Cross-examination developed an error of over $800.00 in the amount of medical expenses Liberty Mutual pleaded it had paid. Brundige's original answer to Liberty Mutual's plea in intervention contained this language:

Except to the extent that certain facts may be admitted during the course of this proceeding, Plaintiff generally denies all and several the allegations in the Plea in Intervention filed by Liberty Mutual Insurance Company and demands strict proof thereof.

The two-year statute of limitations was also pleaded as a bar to intervenor's recovery, but was disposed of adversely to Brundige in pretrial proceedings. In a separate count, Brundige claimed that his attorney was entitled to recover reasonable attorney fees in the amount of one-third of any sums awarded to the intervenor in addition to a fee of one-third of any sums attributable to future medical expenses.

In response to the pleadings and proof, Question No. 7 was submitted to the jury to determine the total amount Liberty Mutual paid the plaintiff as a result of the injury, divided into weekly compensation and medical expenses. The charge is silent on the attorney fee question.

■ Having alleged payment of benefits as a basis of its cause of action, Liberty Mutual was entitled to recoupment, and had the burden of proof on the amount of benefits paid. *See Watson v. Glens Falls Ins. Co.,* 505 S.W.2d 793, 795 (Tex.1974). The trial judge was confronted by Brundige's general denial demanding strict proof, evidence that Brundige did not know how much he had been paid, and his refusal to stipulate. The amount in question was not agreed upon and Liberty Mutual was required to prove it or fail to recover. Un-

der these circumstances a question was presented that required jury determination. *Golden Villa Nursing Home, Inc. v. Smith,* 674 S.W.2d 343, 351 (Tex.App.—Houston [14th Dist.] 1984, writ ref'd n.r.e.); TEX.R.CIV.P. 277. Enclave's first three points of error are overruled.

The trial court's action in allowing Brundige and Liberty Mutual nine peremptory challenges to six for Enclave is the focus of Enclave's fourth point of error. The court apportioned three of the challenges to Liberty Mutual and six each to the other parties. Enclave identified three prospective jurors it would challenge if allowed three strikes in addition to the six it used. Two of those objectionable jurors were seated on the jury, one of whom became foreman and voted for the verdict rendered. Enclave moved the court to grant it an additional three challenges or restrict Brundige and Liberty Mutual to a total of six. The motion was denied.

■■■ When there are multiple parties on one side in a jury trial, the trial judge must decide whether any of those parties are opposed to each other on an issue that the jury will be required to decide. The existence of antagonism between aligned parties is a question of law. *Patterson Dental Co. v. Dunn,* 592 S.W.2d 914, 919 (Tex.1979). In deciding whether antagonism exists, the only information considered is that which is brought to the court's attention before the parties exercise their peremptory strikes. *Parker v. Associated Indem. Co.,* 715 S.W.2d 398, 400 (Tex.App.—San Antonio 1986, writ ref'd n.r.e.). Liberty Mutual's right of recoupment existed against whatever recovery Brundige secured. Any recoupment secured by Liberty Mutual was payable out of Brundige's recovery, essentially money out of his pocket. This circumstance, together with Brundige's previously discussed general denial pleading, constituted evidence of antagonism.

■■■ The trial court, having a basis for concluding that antagonism existed between Brundige and Liberty Mutual, must be presumed to have so found and, in the exercise of its discretion, concluded that allowing Liberty Mutual three strikes would equalize choice in jury selection between the parties. One appellate court held that: "The nature and degree of the antagonism, and its effect on the number of peremptory jury strikes allocated to each litigant or side, are matters left to the discretion of the trial court." *Webster v. Lipsey,* 787 S.W.2d 631, 638 (Tex.App.—Houston [14th Dist.] 1990, writ denied). No abuse of this discretion is reflected in the record. Enclave's point of error four is overruled.

■■■ Enclave's last point of error challenges admission into evidence of photographs, introduced over Enclave's objection, showing that a crack in the sidewalk where Brundige said he fell had been repaired. Evidence of subsequent remedial repair is inadmissible to establish negligence. *Roosth & Genecov Prod. Co. v. White,* 152 Tex. 619, 262 S.W.2d 99, 104 (1953), *overruled on other grounds, Burk Royalty Co. v. Walls,* 616 S.W.2d 911 (Tex. 1981); TEX.R.CIV.EVID. 407. The rule is one of policy and good sense to avoid discouraging safety measures. The same authorities make it clear that the rule is inapplicable where the evidence would be valid as to other issues which also exist in the case. *Roosth,* 262 S.W.2d at 105.

■■■ The photographs were the only known pictures of the scene where Brundige claimed he fell. They were taken subsequent to the time of the accident. They were offered as fairly and accurately portraying such location. The trial judge is presumed to have found that the pictures would help the jury understand the lay of the land, proximity of nearby structures, location of lights, and the construction type and material used in the walkway involved. Coupled with an explanation, the photographs would arguably give a clearer understanding of the site and conditions existing on the night of the alleged event. Although the pictures reveal that repairs were made subsequent to the alleged accident, the depiction of the terrain and surroundings would contribute in some degree to a fuller understanding of the issues in the case. Courts have frequently held that

photographs are relevant evidence if they assist the jury in understanding the issues before it. *See Cheek v. Zalta*, 693 S.W.2d 632, 635 (Tex.App.—Houston [14th Dist.] 1985, no writ); *Texas Steel Co. v. Recer*, 508 S.W.2d 889, 893 (Tex.Civ.App.—Fort Worth 1974, writ ref'd n.r.e.). Admission of evidence of this nature is addressed to the sound discretion of the judge. *Bell v. Buddies Super-Market*, 516 S.W.2d 447, 450 (Tex.Civ.App.—Tyler 1974, writ ref'd n.r.e.); *Recer*, 508 S.W.2d at 893. Though the pictures may incidentally show repair, they also tend to enhance the jury's understanding of other issues. There is a basis for admission of the pictures into evidence; consequently, no abuse of discretion is shown. Enclave's fifth point of error is overruled.

The judgment of the trial court is affirmed.