Eugene J. LEGE and Ace Transportation, Inc., Appellants,

v.

Carole Sue JONES, Appellee.

No. 14–94–00734–CV.

Court of Appeals of Texas, Houston (14th Dist.).

April 4, 1996.

M. David Frock, Houston, for appellants.

Joel Randal Sprott, Houston, Fredrick Shiver, Dallas, Peggy R. Ban, Houston, for appellee.

Before MURPHY, C.J., and AMIDEI and ANDERSON, JJ.

## OPINION

AMIDEI, Justice.

Appellants, Eugene J. Lege and Ace Transportation, Inc., appeal from a judgment for $378,300.00 plus prejudgment interest in favor of appellee, Carole Sue Jones, surviving wife and personal representative of the Estate of Robert Neal Jones. In a suit by appellee for personal injuries sustained by Robert Neal Jones, liability was stipulated and the issue of damages was submitted to the jury. The jury awarded the appellee $250,000.00 for pain and suffering, $75,000.00 for physical disability, and $53,500.00 for loss of earning capacity of Robert Neal Jones. Appellee/intervenor American Motorists Insurance Company was the workers' compensation carrier for Robert Neal Jones and intervened to recover benefits paid under the workers' compensation law to Robert Neal Jones for medical expenses and compensation benefits law in the sum of $29,889.45. In five points of error, appellants claim the trial court erred in (1) admitting evidence of workers' compensation benefits paid to Robert Neal Jones; (2) granting appellee's motion for a trial amendment to her original petition to increase the damages to conform with the jury verdict; (3) calculating prejudgment interest; (4) granting judgment because the evidence was insufficient to support the damages awarded by the jury; and (5) failing to grant remittitur and/or new trial. As modified, we affirm the judgment of the trial court.

On February 19, 1991, Robert Neal Jones's small foreign car was struck in the rear by appellant Lege who was driving appellant Ace Transportation's 18–wheel tractor-trailer rig. The accident occurred on Interstate 10 near Winnie in Chambers County. Prior to the accident, Jones had surgery for stomach cancer but had been pronounced free of cancer at the time of the accident. His surviving wife and personal representative, Carole Sue Jones, appellee, testified that he had made a good recovery as of the date of the accident and was working for Mr. Gatti's as a travelling franchise representative. On February 19, 1992, one year after the accident, Robert Neal Jones died of cancer. His death was not caused by the injuries he received in the accident. In October, 1991, his doctor advised him that his cancer had returned and he died four months later. As a result of the accident, Jones suffered a closed head injury (concussion) with post-concussive syndrome, a cervical whip-lash injury, a ruptured cervical disc at the C5–6 level, an extruded cervical disc fragment and a central spinal cord injury. In October, 1991, when he was advised his cancer had returned, he was still being treated for his neck injuries and complained of loss of feeling in his hands and prostate problems. His doctor had advised him that he should have an operation to remove the fractured disc but that such an operation was not guaranteed to correct his problems. He died before getting the neck surgery. His medical bills and expenses were about $8,000.00, one-half of which was for physical therapy. Appellee/intervenor American Motorists Insurance Company paid Jones workers' compensations benefits in the sum of $428.00 a week for fifty-three weeks, totalling $22,684.00, plus his medical expenses.

Appellants cite *Myers v. Thomas*, 143 Tex. 502, 186 S.W.2d 811 (1945) as the primary authority for their contention that the trial court erred in permitting evidence of payment of workers' compensation benefits in a third party negligence case. *Myers* held that no evidence is admissible of amounts paid as workers' compensation benefits in a suit brought by an injured employee against the tort-feasor. *Myers*, 186 S.W.2d at 813–14.

In *Myers*, the plaintiff was an injured employee of the State of Texas who had been paid workers' compensation benefits for injuries sustained when he was injured by the

defendant while on the job. The employee sued the third party and the State intervened for recoupment of its workers' compensation benefits paid to the employee. As intervenor, the State filed a motion with the trial court asking that no evidence concerning the payment by the State of the benefits be introduced as evidence in the trial and that the pleadings containing allegations of payment of the workers' compensation benefits not be read to the jury. The court overruled the motion and the State/intervenor objected throughout the trial to evidence concerning the payment of the workers' compensation benefits. Upon conclusion of the testimony, intervenor specially requested that the court instruct the jury not to consider any evidence of the workers' compensation settlement. This motion was denied by the trial court. The court of appeals affirmed the ruling of the trial court and the supreme court found that the holding by the court of appeals was "in effect a holding that such action of the trial court was in no wise prejudicial to Myers' [the injured employee-plaintiff] and intervenor's cause of action." *Id.* at 812. The supreme court reasoned that evidence of the payment of the workers' compensation benefits and the negotiations underlying the payment of same "has no direct relevancy to the issues upon which the jury decides whether the third party defendants are negligent, or upon the amount of damages, if any, to be assessed against them." *Id.* at 813.

In *Myers*, the court further stated:

It is ordinarily error for plaintiff to mention the fact in the presence of the jury that the defendant is insured against the liability which he is seeking to establish, or that he has no protecting insurance. For the same reason it is error to refer to the fact that the plaintiff is protected by some form of insurance. It is improper in either case because such fact is irrelevant and immaterial, and is calculated to work injury.

*Myers,* 186 S.W.2d at 813.

The court held that to allow such evidence *against a third party,* "might become very prejudicial and strongly tend to lead a jury to the conclusion that an injury and wrong had been committed, and that the defendant is liable therefor, or, on the contrary, it might prejudice the plaintiffs' case by the thought that the employee had already been compensated." *Id.* at 814. In *Myers,* counsel for the defendant third-party had informed the jury that plaintiff-employee had settled with the State/intervenor and argued to the jury that Myers "had already been paid handsomely." *Id.* at 814. In the trial of the case, evidence was introduced that plaintiff-employee Myers had suffered an injury to his teeth in the accident. Counsel for the defendant argued to the jury, "Well if it wasn't the great state of Texas' business to keep his teeth in condition, whose business is it?" *Id.* at 814. The prejudicial effect of the workers' compensation evidence was used against the plaintiff in *Myers,* which resulted in a jury verdict against plaintiff-employee Myers and the intervenor/State. The supreme court in *Myers,* reversed the court of appeals judgment and remanded the cause for new trial. *Id.* at 814.

In this case, the jury did not decide liability because appellants stipulated liability. *Myers* excludes the use of evidence concerning workers' compensation benefits because of the prejudicial effect it may have on a jury's decision as to *liability.* This case more closely resembles the fact situation in *E.V.R. II Associates, Ltd., v. Brundige,* 813 S.W.2d 552 (Tex.App.—Dallas 1991, no writ). EVR was the third-party tort-feasor sued by Brundige, the injured employee who was paid benefits by Liberty Mutual, the intervenor. EVR had filed a motion in limine requesting the court to instruct counsel not to mention in the jury's presence that Brundige had filed a workers' compensation claim and had been paid benefits by intervenor. EVR orally moved the court for a bifurcated trial on the issue of recoupment by intervenor. The trial court did not act upon EVR's motion for separate trial of intervenor's claim and the trial court was not subsequently requested by EVR or any party to act on such motion.

In *EVR,* the court of appeals noted that permissive joinder of the compensation insurer is allowed in such third-party suits by the injured employee. Tex.R.Civ.P. 40(a). Also, subdivision (b) of the Rule 40 authorizes the

trial judge to order separate trials or make other orders to prevent prejudice. In *EVR*, the injured employee, Brundige, declined to stipulate the dollar amount of benefits and medical expenses paid and filed a general denial against the intervenor's claim and demanded strict proof of its claim. *Id.* at 554.

In *EVR*, the trial court was faced with a plea in intervention asking recoupment of benefits paid under the workers' compensation law. TEX.REV.CIV.STAT.ANN. art. 8308–4.05(b) (Vernon Supp.1991). The amount in question was *not agreed upon* and intervenor was required to prove it or fail to recover. The court of appeals in *EVR* found that under these circumstances a question was presented that required a jury determination citing *Golden Villa Nursing Home, Inc. v. Smith*, 674 S.W.2d 343, 351 (Tex.App.—Houston [14th Dist.] 1984, writ ref'd n.r.e.); *See also* TEX.R.CIV.P. 277. *EVR* at 556. In short, *EVR* held that the burden was on the workers' compensation carrier, as a party asserting a right to be subrogated to an injured employee's recovery in tort, to prove the amount of benefits paid to the employee, absent a stipulation as to the amount. Also, that court held that absent a stipulation as to the amount of workers' compensation benefits paid, the amount of benefits recoverable by the carrier became a jury question. *EVR*, 813 S.W.2d at 555–556. The court also found that EVR failed to object or obtain a ruling upon its motion to sever the intervenor's claim and thus did not preserve error for appellate review under Rule 52(a), Texas Rules of Appellate Procedure. *Id.* at 555.

In this case, appellants did not enter into a stipulation agreement as to American Motorists plea in intervention. Therefore, if the court had excluded evidence of the amount of workers' compensation paid, American Motorists obviously would not have been able to recover its payments from the tort-feasors (appellants). Since American Motorists was faced with the burden of proving the benefits it paid Jones, then it was obviously entitled to prove to the jury its payment of benefits. Appellants did not file a motion to sever the claim of American Motorists under Rule 40(b), of the Texas Rules of Civil Procedure, which would have prevented the prejudice

they complain of on appeal. Appellants did not request a jury instruction to disregard any evidence of payment of workers' compensation benefits. The only objections made by appellants during the course of the trial were general objections to the admission of testimony by intervenor's claims adjuster as being "immaterial and irrelevant."

On appeal, appellants claim that the court erred in admitting the evidence because it was prejudicial under *Myers*, 186 S.W.2d 811. Rule 52(a), Texas Rules of Appellate Procedure, requires that to preserve a complaint for appellate review, a party must have presented to the trial court a timely request, objection or motion, stating the specific grounds for the ruling he desired the court to make if the specific grounds were not apparent from the context. A general objection such as appellant presented in this case is not specific and preserves no complaint for appellate review. *See Rhodes v. Batilla*, 848 S.W.2d 833, 846–47 (Tex.App.—Houston [14th Dist.] 1993, writ denied). By not taking proper action to sever intervenor's claim, stipulating to the amounts in dispute, or properly objecting to evidence of benefits paid, appellants have waived any complaint of intervenor pursuing its recoupment case and introducing evidence of workers' compensation benefits paid to Jones. *EVR* at 555–56. We overrule appellants' point of error one.

■ Appellants complain in point of error two that the trial court should not have granted appellee's post-trial motion for a trial amendment to increase the amount of damages alleged in her petition for damages to conform with the jury verdict. Appellee's third amended original petition asked $359,446.45 in total damages ($150,000.00 for pain and suffering, $51,140.65 loss of earning capacity, $8,305.80 medical expenses, and $150,000.00 physical impairment). The jury awarded appellee $250,000.00 for pain and suffering, $75,000.00 for physical impairment, and $53,500.00 for loss of earning capacity. The trial amendment increased the demand for pain and suffering from $150,000.00 to $250,000.00 to conform to the jury verdict and increased the demand for loss of earning capacity from $51,140.65 to $53,000.00. The trial amendment did not increase the demand

for physical impairment since the third amended petition asked for $150,000.00 and the jury verdict was for $75,000.00. Appellants claim in their brief that "granting the post verdict trial amendment has created unfair surprise and extreme prejudice for appellants and their insurance carrier."

The trial court has no discretion to refuse a post-verdict amendment of pleadings unless the opposing party presents evidence of surprise or prejudice, or the amendment asserts a new cause of action or defense and the opposing party objects to the amendment. *Greenhalgh v. Service Lloyds Ins. Co.*, 787 S.W.2d 938, 939 (Tex.1990). An amended pleading that changes only the amount of damages sought does not automatically operate as surprise within the contemplation of Rule 63, Texas Rules of Civil Procedure, concerning amendments to pleadings, and the party opposing the amendment to increase the damages to conform to the verdict must present evidence to show that the increase resulted in surprise. *Id.* at 939–940. The trial court heard evidence from counsel for appellants as to the alleged surprise and granted the motion to file the trial amendment finding no prejudice or surprise. Counsel for appellants testified that appellants had insurance coverage for claims exceeding $250,000.00 and that the second amended petition of plaintiff alleged recoverable claims (excluding loss of consortium) of about $250,000.00. Therefore, the excess carrier was "not placed on notice that there was some potential exposure in this case." Accordingly, counsel for appellants testified at the post-verdict hearing that they were "denied the ability to bring the position, opinions and expertise of the excess insurance company into the trial in the evaluation of the case and no one from the excess insurance company attended the trial."

On cross-examination, counsel admitted that the excess carrier was aware that a demand of $400,000.00 had been made of appellants at a mediation in the "summer of 1993" and that appellants had "probably" been notified of the claim at the time the lawsuit was filed. Appellants also cite as authority *Benefit Trust Life Ins. Co. v. Littles,* 869 S.W.2d 453 (Tex.App.—San Antonio 1993) *error granted, judgment set aside and remanded,* 873 S.W.2d 704 (Tex.1994). In *Littles,* the supreme court granted the application for writ of error and remanded the cause to the trial court for entry of judgment in accordance with the settlement agreement of the parties. The court of appeals had reversed the trial court's granting of a trial amendment to conform to the verdict because of surprise. The pleadings asked exemplary damages in the sum of $10,000.00 and the jury awarded $800,000.00, or an 8000 percent increase in the verdict over the amount plead. The evidence indicated that the plaintiffs in that case had offered to settle before trial for $40,000.00 which was rejected. In this case, the evidence shows an offer to settle of $400,000.00 at a mediation conference which was rejected. $400,000.00 is more than the amount the jury awarded. We find that the appellants were not prejudiced or surprised by the trial amendment and we overrule point of error two.

Point of error number three involves the calculation of the amount of prejudgment interest. Both parties agree in their briefs that appellee's judgment for $386,605.80 upon which pre-judgment interest was calculated is overstated by $8,500.00, which was paid to appellee in partial settlement of her claim against appellants.

The correct amount of the judgment is $386,605.80 less the $8,500.00 settlement, or a total of $378,105.80, plus ten percent prejudgment interest for two years and 65 days (from the date the suit was filed on January 31, 1992 until one day prior to the date of rendering the judgment, or April 6, 1994). The prejudgment interest is simple interest only pursuant to Section 6(g), Article 5069–1.05 of the Texas Revised Civil Statutes Annotated. The interest is calculated at $37,810.58 per year. Two years and sixty-five days of interest at $37,810.58 per year amounts to a total of $82,354.55 prejudgment interest. The total judgment is therefore modified to reflect the corrected amount of prejudgment interest as being $82,354.55 instead of $84,012.82, which reduces the net award, after payments and credits indicated in said judgment, to appellee from $432,306.30 to $430,648.03. Appellants' point of

error three is overruled in that he claims reversal is warranted. The judgment is affirmed as modified in this opinion.

■ In a cross-point of error, appellee claims the trial court erred in calculating prejudgment interest from the date suit was filed, January 31, 1992, instead of 180 days from the date defendant received written notice of a claim, February 25, 1991. Appellee claims that a written notice of the claim was sent by regular mail to the claims adjuster of appellants advising them of attorney retention in the matter. Appellee argues that such a letter is sufficient to constitute a "notice of claim" under Section 6(a), Article 5069–1.05, Texas Revised Civil Statutes Annotated. Appellee cites *Robinson v. Brice*, 894 S.W.2d 525 (Tex.App.—Austin 1995, writ denied) as authority. We disagree.

In this case, the trial court found at the post-verdict hearing that prejudgment interest should start as of the date the suit was filed, January 31, 1992, because the amount of the claim was not ascertainable as of the date the written notice of claim was given. The trial court advised the parties that the intention of the legislature in providing for prejudgment interest was to encourage settlements in cases that are ready for settlement. Obviously, this case was not ready for settlement until after February 19, 1992, the date of death of Robert Neal Jones. As of that date, he was still undergoing medical treatment for his injuries and there were no serious negotiations concerning settlement until the "summer of 1993" at the mediation conference. The trial court is given discretion in awards of prejudgment interest in periods of delay. TEX.REV.CIV.STAT.ANN. art. 5069–1.05, § 6(d). *See Southwest Airlines Co. v. Jaeger*, 867 S.W.2d 824, 837 (Tex. App.—El Paso 1993, writ denied). We find that the trial court did not abuse its discretion in awarding prejudgment interest at the rate of 10% starting on the date suit was filed and ending the day preceding the date judgment was rendered. Appellee's cross-point of error is overruled.

Appellants' points of error four and five claim insufficiency of the evidence to support the amount of damages awarded. Appellants claim the award was excessive and that appellants should have been granted their motion for new trial and/or remittitur.

■ In reviewing a claim of legally insufficient evidence, the appellate court must consider only the evidence and inferences which tend to support the verdict, and disregard all evidence and inferences to the contrary. *Heldenfels Bros., Inc., v. City of Corpus Christi*, 832 S.W.2d 39, 41 (Tex.1992); *Jacobs v. Danny Darby Real Estate, Inc.*, 750 S.W.2d 174, 175 (Tex.1988). In reviewing a factual insufficiency challenge, the appellate court must consider all of the evidence in the record, both supporting and contrary to the judgment. *Plas–Tex, Inc. v. U.S. Steel Corp.*, 772 S.W.2d 442, 445 (Tex. 1989). After considering and weighing all the evidence, the court should set aside the verdict only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex.1986). The appellate court is not a factfinder, and may not substitute its judgment for that of the jury, even if a different answer could be reached on the evidence. *St. Paul Medical Ctr. v. Cecil*, 842 S.W.2d 808, 812 (Tex.App.—Dallas 1992, no writ).

■ In this case, there were two video depositions shown the jury by two doctors that treated Robert Neal Jones for his injuries. The medical testimony proved the injuries to be a closed head injury (concussion) with post-concussive syndrome, a cervical whiplash injury and ruptured disc, an extruded disc fragment, and a central spinal cord injury. In addition to the actual injuries Jones suffered, the medical testimony showed that had Jones not died of cancer, the ruptured disc and associated problems would have gone on indefinitely without surgery. Even after surgery, Jones might still have continuing problems with neck pain or spasms because there is no guarantee of success on such a surgery. At the time of his death, Jones was still suffering from lack of feeling in his hands, prostate problems, headaches, stiff neck, depression, and mental confusion. Jones died before having neck surgery. His medical expenses were stipu-

lated at $8,305.80, which included physical therapy.

It is peculiarly within the function of the jury to determine the dollar value of the plaintiff's pain and suffering. The mere fact that a verdict is large is no indication of passion, prejudice, sympathy, or other circumstances not in evidence. *International Harvester Co. v. Zavala*, 623 S.W.2d 699, 708–09 (Tex.App.—Houston [1st Dist.] 1981, writ ref'd n.r.e.). We find the evidence is sufficient to justify the jury award of $250,000.00 for the pain and suffering of Robert Neal Jones and it is not excessive.

Lost earning capacity is likewise left to the discretion of the jury. An award of $53,500.00 is supported by the evidence and is not excessive. There was testimony that his actual loss of income would have been $51,140.65. *See Strahan v. Davis*, 872 S.W.2d 828, 833 (Tex.App.—Waco 1994, writ denied).

The award of $75,000.00 for physical impairment is supported by the evidence and is not excessive. The medical testimony indicated that Jones had lost some feeling in his hands, had recurring prostate problems, forgetfulness, mental confusion, and depression. The evidence showed that surgery might not correct those conditions. Physical impairment is a proper element of damages aside from pain and suffering and loss of earning capacity and is left to the discretion of the jury. *Texas Farm Products Co. v. Leva*, 535 S.W.2d 953 (Tex.Civ.App.—Tyler 1976, no writ).

We overrule appellants points of error four and five.

The judgment of the trial court is modified to reflect re-calculation of prejudgment interest. As modified, the judgment is affirmed.